

FILED

JUL 2 0 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Aaron Greenspan (*Pro Se*)
440 N. Barranca Avenue #6720
Covina, CA 91723
Phone: +1 415 670 9350 x101
E-Mail: aaron.greenspan@plainsite.org

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

AARON GREENSPAN,

    Plaintiff,

    v.

UNITED STATES DEPARTMENT OF
JUSTICE, EXECUTIVE OFFICE FOR
UNITED STATES ATTORNEYS, FEDERAL
BUREAU OF INVESTIGATION, UNITED
STATES DEPARTMENT OF STATE,
UNITED STATES DEPARTMENT OF
DEFENSE, UNITED STATES DEPARTMENT
OF THE TREASURY, UNITED STATES
SECURITIES AND EXCHANGE
COMMISSION, UNITED STATES SECRET
SERVICE, OFFICE OF THE DIRECTOR OF
NATIONAL INTELLIGENCE, UNITED
STATES FOOD AND DRUG
ADMINISTRATION, and TODD BLANCHE,
in his official capacity as Acting Attorney
General of the United States,

    Defendants.

Case No. **C V 2 6 - 0 7 5 0 5**

    **KAW**

**COMPLAINT FOR:**

1. Violation of the Freedom of
   Information Act
2. Declaratory Judgment
   (SEC Pattern and Practice)
3. Declaratory Judgment
   (Epstein Files)
4. Violation of the Administrative
   Procedure Act (Epstein Files)
5. *Ultra Vires* Agency Action

COMPLAINT

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................. 1

PARTIES ........................................................................................................................... 1

JURISDICTION AND VENUE ....................................................................................... 3

FEBRUARY 9, 2022 EOUSA FOIA REQUEST NO. EOUSA-2022-001149:
    USAO-NDCA E-MAILS REGARDING ELON MUSK ............................................ 3

JUNE 23, 2023 EOUSA FOIA REQUEST NO. EOUSA-2023-002493:
    USAO-NDCA INVESTIGATIVE MATERIALS REGARDING FACEBOOK ........................ 4

MARCH 8, 2025 EOUSA FOIA REQUEST NO. EOUSA-2025-002410:
    SCOTT HARTMAN ..................................................................................................... 5

MARCH 29, 2025 EOUSA FOIA REQUEST NO. EOUSA-2025-003463:
    JINA CHOI ................................................................................................................... 6

NOVEMBER 12, 2019 STATE DEPARTMENT FOIA REQUEST NOS. F-2020-01446 / F-2020-05267:
    TESLA COMMUNICATIONS ................................................................................... 6

OCTOBER 9, 2022 STATE DEPARTMENT FOIA REQUEST NO. F-2023-00289:
    STARLINK .................................................................................................................... 8

OCTOBER 11, 2024 FBI FOIA REQUEST NO. 1649591-000:
    EXCESSION LLC ........................................................................................................ 9

SEPTEMBER 19, 2024 FBI FOIA REQUEST NO. 1647578-000:
    FBI DIRECTOR E-MAILS REGARDING THREATS BY ELON MUSK AGAINST
    BIDEN/HARRIS ........................................................................................................ 10

MAY 6, 2024 FBI FOIA REQUEST NO. 1634197-000:
    SPACEX USAO DECLINATION ............................................................................. 12

MAY 8, 2025 FBI FOIA REQUEST NO. 1667699-000:
    TESLA 302 FORMS ................................................................................................... 13

JULY 23, 2025 FBI FOIA REQUEST NO. 1675739-000:
    EPSTEIN FILES ......................................................................................................... 14

OCTOBER 7, 2021 USDOJ CRIMINAL DIVISION FOIA REQUEST NO. CRM-301678106:
    INVESTIGATIVE MATERIALS RE TESLA AND ELON MUSK ................................. 15

MAY 19, 2023 DOD FOIA REQUEST NO. 23-F-0891:
    OSD EMAILS REGARDING ELON MUSK AND MUSK ENTITIES ......................... 16

MARCH 25, 2025 DOD FOIA REQUEST NO. 25-F-2599:
    DAN CALDWELL ..................................................................................................... 19

MARCH 12, 2020 TREASURY FOIA REQUEST NO. 2020-03-072:
    JIM CRAMER ............................................................................................................ 19

JUNE 16, 2020 TREASURY FOIA REQUEST NO. 2020-06-133:
    LARRY KUDLOW ..................................................................................................... 20

COMPLAINT

AUGUST 15, 2019 TREASURY FOIA REQUEST NO. 2019-08-092:
  MNUCHIN/PHILLIPS COMMUNICATIONS RE TRUMP MENTAL HEALTH ............... 21

APRIL 13, 2023 TREASURY FOIA REQUEST NO. 2023-FOIA-00393:
  CFIUS ................................................................................................................22

MARCH 25, 2025 TREASURY FOIA REQUEST NO. 2025-FOIA-01715:
  DAN KATZ .........................................................................................................23

OCTOBER 8, 2024 SEC FOIA REQUEST NO. 25-00085-FOIA:
  TESLA INVESTIGATIONS ....................................................................................23

JANUARY 15, 2025 SEC FOIA REQUEST NO. 25-01230-FOIA:
  QUINN EMANUEL ...............................................................................................25

MARCH 24, 2026 SEC FOIA REQUEST NO. 26-01769-FOIA:
  ELON MUSK AND JARED BIRCHALL DEPOSITION VIDEOS .......................................26

OCTOBER 8, 2024 USSS FOIA REQUEST NO. 20250041:
  USSS DIRECTOR E-MAILS REGARDING MUSK THREATS AGAINST
  BIDEN/HARRIS......................................................................................................27

MARCH 25, 2025 ODNI FOIA REQUEST NO. DF-2025-00315:
  JOE KENT ...........................................................................................................28

MAY 8, 2024 FDA FOIA REQUEST NO. FDA24103581:
  NEURALINK .........................................................................................................29

NOVEMBER 19, 2025 EPSTEIN FILES TRANSPARENCY ACT:
  USDOJ'S FAILURE TO COMPLY...............................................................................30

COUNT I: Request No. EOUSA-2022-001149: USAO-NDCA E-Mails Regarding
  Elon Musk...........................................................................................................37

COUNT II: Request No. EOUSA-2023-002493: Facebook Investigative Materials....................37

COUNT III: Request No. EOUSA-2025-002410: Scott Hartman..........................................38

COUNT IV: Request No. EOUSA-2025-003463: Jina Choi ...............................................38

COUNT V: State Request Nos. F-2020-01446 / F-2020-05267: Tesla, Inc............................39

COUNT VI: State Request No. F-2023-00289: Starlink ...................................................39

COUNT VII: FBI Request No. 1649591-000: Excession LLC...............................................40

COUNT VIII: FBI Request No. 1647578-000: Director E-Mails Regarding Threats Against
  Biden/Harris.........................................................................................................40

COUNT IX: FBI Request No. 1634197-000: SpaceX USAO Declination ...................................41

COUNT X: FBI Request No. 1667699-000: Tesla 302 Forms ...........................................42

COUNT XI: FBI Request No. 1675739-000: Epstein Files ...............................................42

COUNT XII: USDOJ Request No. CRM-301678106: Tesla and Elon Musk ...............................43

COUNT XIII: DOD Request No. 23-F-0891: OSD E-Mails Regarding Elon Musk and Musk
  Entities ..............................................................................................................44

COUNT XIV: DOD Request No. 25-F-2599: Dan Caldwell......................................................44

COMPLAINT

COUNT XV: Treasury Request No. 2020-03-072: Jim Cramer .................................................. 45

COUNT XVI: Treasury Request No. 2020-06-133: Larry Kudlow ........................................... 45

COUNT XVII: Treasury Request No. 2019-08-092: Mnuchin / Phillips.................................. 46

COUNT XVIII: Treasury Request No. 2023-FOIA-00393: CFIUS ........................................ 47

COUNT XIX: Treasury Request No. 2025-FOIA-01715: Dan Katz ...................................... 47

COUNT XX: SEC Request No. 25-00085-FOIA: Tesla Investigations.................................... 48

COUNT XXI: SEC Request No. 25-01230-FOIA: Quinn Emanuel ....................................... 48

COUNT XXII: SEC Request No. 26-01769-FOIA: Elon Musk and Jared Birchall Deposition
    Videos .......................................................................................................................... 49

COUNT XXIII: SEC Pattern and Practice of Unlawful Delay and Unjustified Redaction.......... 50

COUNT XXIV: USSS Request No. 20250041 (Director E-Mails Regarding Musk Threats)..... 52

COUNT XXV: ODNI Request No. DF-2025-00315: Joe Kent ............................................. 52

COUNT XXVI: FDA Request Nos. FDA24103581 / 2024-4321: Neuralink............................ 53

COUNT XXVII: USDOJ and Acting Attorney General Violation of the Administrative
    Procedure Act, 5 U.S.C. §§ 701 et seq............................................................................ 54

COUNT XXVIII: Acting Attorney General *Ultra Vires* Agency Action.................................. 55

COUNT XXIX: Declaratory Judgment ................................................................................ 56

REQUESTED RELIEF....................................................................................................... 56

COMPLAINT

Plaintiff, Aaron Greenspan, alleges the following causes of action and requests for relief:

## INTRODUCTION

1.     Plaintiff Aaron Greenspan is a data journalist, software developer and investor who uses public records to highlight wrongdoing by society's wealthiest and most powerful individuals.  Plaintiff has conducted in-depth research on a number of large technology companies, publicly-traded corporations, and high-net-worth individuals, including but not limited to Elon Musk, Tesla, Inc., Space Exploration Technologies Corp. ("SpaceX"), Neuralink Corp., the Boring Company, X Corp. (formerly Twitter), and a variety of related entities and individuals.

2.     As part of his research, Plaintiff has filed Freedom of Information Act ("FOIA") requests with dozens of federal agencies, including but not limited to each of the Defendants named above, to produce various agency records pertaining to investigations into companies, individuals, financial markets, and matters of substantial public concern.

3.     Each Defendant agency has, in one fashion or another, refused to comply with the FOIA statute by repeatedly delaying responses beyond the statutory time period, conducting inadequate searches, withholding documents under improperly-applied exemptions, or returning overbroad *Glomar* responses that improperly refuse to confirm or deny the existence of records about corporate entities and well-known public figures.

4.     In violation of FOIA, Defendants have failed to issue determinations within the statutory deadline, have failed to conduct reasonable searches for records, and/or have failed to produce records responsive to the twenty-five (25) FOIA requests detailed herein.

5.     In violation of the Epstein Files Transparency Act, Defendant United States Department of Justice and Defendant Attorney General have obstructed the full disclosure of the Epstein Files through unauthorized withholdings, erroneous redactions, and the failure to publish the redaction justifications the statute requires.

## PARTIES

6.     Plaintiff Aaron Greenspan is an individual who founded and operates PlainSite, an online platform created as an initiative to further legal transparency and anti-corruption by

COMPLAINT                                          1

making government and business dealings more accessible and transparent to the general public. Plaintiff resides in the Northern District of California. The address set forth in the signature block of this Complaint is a mail-forwarding address only; mail sent to that address is forwarded to Plaintiff at his residence in the Northern District of California.

7. Defendant United States Department of Justice ("USDOJ") is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

8. Defendant Executive Office for United States Attorneys ("EOUSA") is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552, and a component of the United States Department of Justice.

9. Defendant Federal Bureau of Investigation ("FBI") is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552, and a component of the United States Department of Justice.

10. Defendant United States Department of State ("State") is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

11. Defendant United States Department of Defense ("DOD"), which the Executive Branch has recently and unlawfully purported to redesignate as the "Department of War" without an Act of Congress, is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552. Plaintiff refers to the agency throughout this Complaint by its statutory name only.

12. Defendant United States Department of the Treasury ("Treasury") is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

13. Defendant U.S. Securities and Exchange Commission ("SEC") is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

14. Defendant United States Secret Service ("USSS") is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552, and a component of the United States Department of Homeland Security.

15. Defendant Office of the Director of National Intelligence ("ODNI") is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

16. Defendant United States Food and Drug Administration ("FDA") is a federal

COMPLAINT                                     2

agency subject to the Freedom of Information Act, 5 U.S.C. § 552, and a component of the United States Department of Health and Human Services.

17. Defendant Todd Blanche is sued in his official capacity as Acting Attorney General of the United States. The Epstein Files Transparency Act imposes its disclosure duties on the Attorney General by name. *See* Epstein Files Transparency Act § 2(a), 139 Stat. 656. This Complaint refers to Defendant Blanche in his official capacity as the "Attorney General."

## JURISDICTION AND VENUE

18. This case is brought under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court.

19. Venue is proper in the Northern District of California under 5 U.S.C. § 552(a)(4)(B), because Plaintiff resides in this District, because Plaintiff's principal place of business is in this District, and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

## FEBRUARY 9, 2022 EOUSA FOIA REQUEST NO. EOUSA-2022-001149: USAO-NDCA E-MAILS REGARDING ELON MUSK

20. On or around February 9, 2022, Plaintiff submitted a FOIA request to EOUSA for "E-mail (excluding newsletters from outside USDOJ) to or from Stephanie Hinds (stephanie.hinds@usdoj.gov), Hallie Hoffman (hallie.hoffman@usdoj.gov), Kimberly Hopkins (kimberly.hopkins@usdoj.gov) and/or Scott D. Joiner (scott.joiner@usdoj.gov) in the Northern District of California containing any of the terms: 1. 'Elon Musk' 2. 'Tesla' 3. 'SpaceX' 4. 'Cooley'" for the period from January 1, 2022 through February 9, 2022.

21. EOUSA assigned reference number EOUSA-2022-001149 to the matter.

22. Despite the limited two-month window and the limited custodian list set forth in the request, EOUSA failed to issue any determination on the request within the twenty business day statutory deadline set forth in 5 U.S.C. § 552(a)(6)(A)(i).

23. More than two and one-half years after the request was filed, on or around September 30, 2024, having received no substantive response from EOUSA, Plaintiff filed an administrative appeal with the Office of Information Policy ("OIP") of the United States Department of Justice, in light of EOUSA's continuing failure to respond.

COMPLAINT                                3

24.     On October 31, 2024, OIP issued a decision letter regarding Appeal No. A-2024-02668, signed by Jillian Warzynski, Associate Chief, for Christina Troiani, Chief, Administrative Appeals Staff.  In that letter, OIP stated:

> "You attempted to appeal from the failure of the Executive Office for United States Attorneys (EOUSA) to respond to your Freedom of Information Act (FOIA) request for access to emails to or from specific Department of Justice personnel in the Northern District of California containing any of the terms 'Elon Musk,' 'Tesla,' 'SpaceX,' and 'Cooley.' . . . As no adverse determination has yet been made by EOUSA, there is no action for this Office to consider on appeal.
>
> As you may know, the FOIA authorizes requesters to file a lawsuit when an agency takes longer than the statutory time period to respond.  See 5 U.S.C. § 552(a)(6)(C)(i)."

25.     As of the date of this filing, EOUSA has not issued a determination within twenty business days under 5 U.S.C. § 552(a)(6)(A)(i), has not complied with the statutory requirement under 5 U.S.C. § 552(a)(3)(A) to make the records promptly available to any person, and has not produced any responsive records.  Plaintiff is therefore deemed to have constructively exhausted his administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i), as the OIP letter expressly recognizes.

### JUNE 23, 2023 EOUSA FOIA REQUEST NO. EOUSA-2023-002493: USAO-NDCA INVESTIGATIVE MATERIALS REGARDING FACEBOOK

26.     On or around June 23, 2023, Plaintiff submitted a FOIA request to EOUSA for "Any investigative materials from the United States Attorney's Office for the Northern District of California concerning fake accounts on Meta Platforms, Inc. properties (Facebook or Instagram) or related investor disclosures," for the period January 1, 2019 through June 23, 2023.

27.     EOUSA assigned reference number EOUSA-2023-002493 to the matter and acknowledged receipt of the request on June 26, 2023.

28.     EOUSA failed to issue any determination on the request within the twenty business day statutory deadline set forth in 5 U.S.C. § 552(a)(6)(A)(i).

29.     More than two years after the request was filed, on July 15, 2025, Kevin Krebs, Assistant Director of EOUSA, sent Plaintiff a "still interested" letter advising that the request "had been placed on a list of requests awaiting processing and that there would be a substantial

COMPLAINT                                          4

delay in receiving the material due to the large volume of requests that had been received," and demanding that Plaintiff confirm continued interest within thirty days or face administrative closure. Mr. Krebs additionally demanded "more detailed information about the records you seek, such as case numbers or name, appropriate dates, title or name, author, recipient, subject matter of the record, case number, file designation, or reference number."

30. On July 23, 2025, Plaintiff timely confirmed his continued interest in the request.

31. On August 4, 2025, EOUSA responded by demanding additional information, asserting that "After carefully reviewing your request, I have determined that you did not reasonably describe the subject of your request." EOUSA further demanded that Plaintiff "provide the requested information (defendants or party name, case number) so a search can be performed."

32. On August 4, 2025, Plaintiff responded:

"My request is sufficiently specific. I am interested in any investigative materials pertaining to a specific company (Facebook, Inc., now Meta Platforms, Inc.) during the specific timeframe cited in the request, about a specific topic (fake accounts, also known as SUMA internally at Facebook). If you do not fulfill the request and close it for no reason I will sue."

33. As of the date of this filing, EOUSA has not produced any responsive records, has not issued a final determination, has not complied with the statutory deadline under 5 U.S.C. § 552(a)(6)(A)(i), and has not complied with the statutory requirement under 5 U.S.C. § 552(a)(3)(A) to make the records promptly available. Plaintiff has constructively exhausted his administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

### MARCH 8, 2025 EOUSA FOIA REQUEST NO. EOUSA-2025-002410: SCOTT HARTMAN

34. On or around March 8, 2025, Plaintiff submitted a FOIA request to EOUSA for "E-mail, excluding newsletters from non-.gov e-mail addresses, to or from Scott Hartman in SDNY (scott.hartman@usdoj.gov) from January 1, 2021 through December 31, 2024 containing any of the following terms in any message header field or the message itself (including attachments): 1. 'Elon' 2. 'Musk' 3. 'Tesla' 4. 'SolarCity' 5. 'SpaceX'."

35. EOUSA assigned reference number EOUSA-2025-002410 to the matter.

COMPLAINT                                    5

36.     On March 10, 2025, Kevin Krebs, Assistant Director of EOUSA, sent a letter acknowledging receipt, asserting that "unusual circumstances" exist under 5 U.S.C. § 552(a)(6)(B)(i)-(iii), and placing the request on EOUSA's "complex track."  The letter acknowledged that simple requests "usually receive a response in approximately 30 business days, whereas complex requests necessarily take longer."

37.     Despite this acknowledgement, more than 20 business days have long since elapsed, and EOUSA has not produced any responsive records or issued a final determination.

38.     As of the date of this filing, EOUSA has not complied with the statutory deadline under 5 U.S.C. § 552(a)(6)(A)(i), and Plaintiff has constructively exhausted his administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

**MARCH 29, 2025 EOUSA FOIA REQUEST NO. EOUSA-2025-003463: JINA CHOI**

39.     On or around March 29, 2025, Plaintiff submitted a FOIA request to EOUSA for "E-mail, excluding newsletters from non-.gov e-mail addresses, to or from Jina Choi in CAND from December 1, 2023 through March 28, 2025."

40.     EOUSA assigned reference number EOUSA-2025-003463 to the matter that same day.

41.     On March 31, 2025, Kevin Krebs, Assistant Director of EOUSA, sent a letter acknowledging receipt, asserting "unusual circumstances" under 5 U.S.C. § 552(a)(6)(B)(i)-(iii), and placing the request on EOUSA's "complex track."

42.     Despite this acknowledgement, EOUSA has produced no responsive records and has issued no final determination.

43.     As of the date of this filing, EOUSA has not complied with the statutory deadline under 5 U.S.C. § 552(a)(6)(A)(i), and Plaintiff has constructively exhausted his administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

**NOVEMBER 12, 2019 STATE DEPARTMENT FOIA REQUEST NOS.**
**F-2020-01446 / F-2020-05267: TESLA COMMUNICATIONS**

44.     On or around November 12, 2019, Plaintiff submitted a FOIA request to the United States Department of State for "All communications to or from the United States

COMPLAINT                                          6

Department of State and Tesla, Inc. and/or Tesla Motors, Inc., including e-mails to or from tesla.com and teslamotors.com domain names, from January 1, 2017 to present." Plaintiff sought expedited handling on the grounds of an "urgency to inform the public concerning actual or alleged Federal Government activity" given "Tesla's involvement with the government of China" and the public interest in "communications between Tesla and the State Department," which "would be a breaking news story."

45.    The State Department's Office of Information Programs and Services ("IPS") received the request on November 13, 2019, and assigned it tracking number F-2020-01446.

46.    On November 22, 2019, Nicholas J. Cormier, Chief, Requester Communications Branch of IPS, issued a decision letter rejecting the request, stating: "Your request does not reasonably describe the records sought, and the Department is unable to process the request as submitted."

47.    On December 6, 2019, Plaintiff filed a timely administrative appeal. The appeal was assigned Appeal No. A-2020-00154.

48.    Plaintiff's appeal letter noted that the rejection letter was "dated November 22, 2019, but only e-mailed two weeks later on December 6, 2019 (today), suggesting that the Department of State deliberately withheld notice of the rejection to slow down the appeals process." Plaintiff further noted that the State Department was "clearly in possession of technology that would allow it to process the request with 'a reasonable amount of effort,' if not minimal effort," and that the State Department "routinely processes FOIA requests that involve searching through e-mail messages."

49.    On January 15, 2020, Alex Hartmann, Appeals Officer, Office of Information Programs and Services, issued a decision letter on Appeal No. A-2020-00154 stating: "I am remanding your request for further processing. As this is the action sought by your appeal, I have closed the appeal. When you are notified of the result of the processing of your request, you will also be advised of any appeal rights at that stage of the case."

50.    On April 27, 2020, the State Department acknowledged receipt of the remanded request under a new tracking number, F-2020-05267, denied Plaintiff's request for expedited

COMPLAINT                                    7

processing on the asserted ground that the request did not demonstrate a "compelling need," and placed the request in the complex processing track citing "unusual circumstances" under 5 U.S.C. § 552(a)(6)(B)(i)-(iii).

51. On June 2, 2021, Plaintiff submitted a follow-on FOIA request to the State Department, covering "All communications to or from the United States Department of State and Tesla, Inc. and/or Tesla Motors, Inc., including e-mails to or from tesla.com and teslamotors.com domain names, from November 12, 2019 to present."

52. On June 3, 2021, the State Department, through its Requester Communications Branch of the Office of Information Programs and Services, unilaterally aggregated the follow-on submission into the existing F-2020-05267 case file without Plaintiff's express consent, writing: "Please be advised this request is similar to your previous case, F-2020-05267, however the timeframe has been updated to reflect 11/12/2019 to 06/02/2021. As such, we will be aggregating this submission to your previous case and updating the overall timeframe to 1/1/2017 to [Present]."

53. On September 27, 2021, the State Department informed Plaintiff that the "electronic records system indicates FOIA request F-2020-05267 remains in process and still has a March 27, 2022, estimated date of completion (EDC)."

54. As of the date of this filing, more than six years after Plaintiff's original submission, the State Department has not produced any responsive records, has not issued any final determination, and has long since blown past every estimated date of completion. The State Department remains in continuing violation of 5 U.S.C. § 552(a)(6)(A)(i), § 552(a)(7)(B)(ii), and § 552(a)(3)(A).

55. Plaintiff has exhausted his administrative remedies with respect to this request.

**OCTOBER 9, 2022 STATE DEPARTMENT FOIA REQUEST NO. F-2023-00289: STARLINK**

56. On or around October 9, 2022, Plaintiff submitted a FOIA request to the State Department for "E-mails to or from the spacex.com and tesla.com domain names from September 26, 2022 to present containing the keyword 'Starlink'." Plaintiff also requested expedited handling, stating:

COMPLAINT                                          8

"-An imminent threat to the life or physical safety of an individual exists.

-An urgency to inform the public concerning actual or alleged Federal Government activity exists.

-A harm to substantial humanitarian concerns exists.

-The use of Starlink satellite terminals has been an issue of life or death in the ongoing war in Ukraine. An urgent need exists to inform the public about circumstances surrounding the sudden cessation of functioning of Starlink terminals in the past week, especially given a request to Elon Musk from affiliates of the Russian Federation to turn them off."

Plaintiff cited as supporting evidence the contemporaneous Financial Times article, "Ukrainian forces report Starlink outages during push against Russia," dated October 7, 2022.

57.    The State Department's Office of Information Programs and Services received the request on October 11, 2022.

58.    On October 20, 2022, the State Department assigned tracking number F-2023-00289 to the matter and acknowledged receipt, placing the request "in the expedited processing track where it will be processed as soon as practicable" under 22 C.F.R. § 171.11(h). The same acknowledgement letter, however, recited a "Date Range for Record Search: From 9/26/2022 To 10/11/2022," unilaterally truncating the open-ended date range "to present" that Plaintiff had specified in his request, and thereby limiting the search to a fifteen-day window.

59.    Despite the State Department's express grant of expedited processing, more than three and one-half years have now passed since the request was filed.

60.    As of the date of this filing, the State Department has produced no responsive records, has issued no final determination, has not complied with the statutory deadline under 5 U.S.C. § 552(a)(6)(A)(i), and has not complied with the statutory requirement under 5 U.S.C. § 552(a)(3)(A) to make the records promptly available. Plaintiff has constructively exhausted his administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

**OCTOBER 11, 2024 FBI FOIA REQUEST NO. 1649591-000: EXCESSION LLC**

61.    On or around October 11, 2024, Plaintiff submitted a FOIA request to the FBI for

COMPLAINT                                    9

records pertaining to Excession LLC, a Nevada limited liability company.

62. The FBI assigned FOIPA Request No. 1649591-000 to the matter. The FBI's acknowledgement and later closure letter described the subject as "Excession LLC (On or After January 1, 2018)."

63. On October 17, 2024 — just three business days after the request was filed — the FBI issued a closure letter signed by Michael G. Seidel, Section Chief, Record/Information Dissemination Section. The FBI stated:

> "Based on the information you provided, we conducted a main entity record search of the Central Records System (CRS) per our standard search policy. However, we were unable to identify records subject to the FOIPA that are responsive to your request. Therefore, your request is being closed."

64. The FBI's response also asserted neither-confirm-nor-deny boilerplate language purporting to invoke Exemptions (b)(6) and (b)(7)(C), even though Excession LLC is a corporate entity, not a natural person.

65. On April 18, 2025, Plaintiff filed a timely administrative appeal of the FBI's closure with OIP. In Appeal No. A-2025-00175, Plaintiff stated:

> "Excession, LLC is a limited liability company, meaning that it is a corporate entity that is not entitled to 'personal privacy' under Exemptions (b)(6) and (b)(7)(C). 'Corporations do not have `personal privacy` for the purposes of Exemption 7(C).' *FCC v. AT&T, Inc.*, 562 U.S. 397, 131 S. Ct. 1177 (2011). The same logic applies for Exemption 6."

66. On May 28, 2025, Christina Troiani, Chief, Administrative Appeals Staff, of OIP issued a decision letter affirming the FBI's action. OIP stated that it had "construed your appeal to concern the FBI's refusal to confirm or deny the existence of responsive records concerning a named third-party individual, as well as the adequacy of the FBI's search for records concerning Excession LLC." OIP affirmed both aspects of the FBI's action and expressly informed Plaintiff: "If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B)."

67. Plaintiff has exhausted his administrative remedies with respect to this request.

### SEPTEMBER 19, 2024 FBI FOIA REQUEST NO. 1647578-000: FBI DIRECTOR E-MAILS REGARDING THREATS BY ELON MUSK AGAINST BIDEN/HARRIS

68. On or around September 19, 2024, Plaintiff submitted a FOIA request to the FBI

COMPLAINT                                        10

for "[e]-mail messages to or from the Director of the FBI and his staff from September 12, 2024 to present regarding any messages posted on Twitter/X social network (tweets) involving a potential threat to the President of the United States and/or Vice President of the United States." Plaintiff requested expedited processing on the grounds that the matter posed an imminent threat to the President and Vice-President and concerned a matter of widespread and exceptional media interest.

69. The FBI assigned FOIPA Request No. 1647578-000 to the matter. The subject of the request was identified by the FBI as "E-mail Communications Regarding Threats to the President and Vice President Posted on Twitter/X (On or After September 12, 2024)."

70. On September 25, 2024, the FBI acknowledged receipt of the request and indicated it would process the request.

71. On October 15, 2024, the FBI denied Plaintiff's request for expedited processing, stating: "You have not provided enough information concerning the statutory requirements for expedition; therefore, your request is denied."

72. On December 16, 2024, only three months after the request was filed, the FBI closed the request, stating: "[W]e conducted a search of the places reasonably expected to have records. However, we were unable to identify records subject to the FOIPA that are responsive to your request. Therefore, your request is being closed." The FBI further asserted neither-confirm-nor-deny boilerplate under Exemptions (b)(6) and (b)(7)(C).

73. On December 16, 2024, Plaintiff filed a timely administrative appeal, designated A-2025-00539, with OIP. The basis of the appeal was that "The FBI performed an inadequate search."

74. On August 19, 2025, Christina Troiani, Chief, Administrative Appeals Staff, of OIP issued a decision letter that partially remanded the request:

> "After carefully considering your appeal, and as a result of discussions between FBI personnel and this Office, I am remanding your request, in part, to the FBI for further processing of the portion of your request seeking communications to or from the Director's staff. You may appeal any future adverse determination made by the FBI. . . . I am otherwise affirming the FBI's action on the remainder of your request."

75. The OIP decision letter also expressly informed Plaintiff: "If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B)."

76. As of the date of this filing, more than twenty business days have elapsed since the partial remand of August 19, 2025, and the FBI has not produced any responsive records on remand, has not issued any final determination on remand, and has not complied with the statutory deadline under 5 U.S.C. § 552(a)(6)(A)(i). Plaintiff has exhausted his administrative remedies, and the FBI's continued non-response on the remanded portion provides an independent basis for constructive exhaustion under 5 U.S.C. § 552(a)(6)(C)(i).

**MAY 6, 2024 FBI FOIA REQUEST NO. 1634197-000: SPACEX USAO DECLINATION**

77. On or around May 6, 2024, Plaintiff submitted a FOIA request to the FBI seeking records concerning "Space Exploration Technologies Corporation (USAO Declination on or after January 1, 2015)."

78. The FBI assigned FOIPA Request No. 1634197-000 to the matter.

79. On May 13, 2024, just seven days after the request was filed, the FBI closed the request, stating: "Based on the information you provided, we conducted a main and reference entity record search of the Central Records System (CRS) per our standard search policy. However, we were unable to identify records subject to the FOIPA that are responsive to your request. Therefore, your request is being closed."

80. The FBI's claim that it could find no records concerning a USAO declination involving SpaceX—a company that has been the subject of widely-reported federal investigations and U.S. Attorney's Office activity—is implausible on its face and demonstrates that the FBI's search was inadequate. The rapid seven-day closure, coupled with the FBI's failure to identify records likely to exist about a high-profile corporate subject, evidences the absence of a "search reasonably calculated to uncover all relevant documents" as required by FOIA case law.

81. The FBI's closure of the request constitutes a final adverse determination under 5 U.S.C. § 552(a)(6)(A)(i). Plaintiff challenges the adequacy of the FBI's search rather than the

COMPLAINT                                          12

application of any exemption. Any further resort to the administrative appeal process would have been futile: in each of the other FBI matters described in this Complaint in which Plaintiff appealed to OIP, OIP affirmed the FBI's action without requiring any further search, and in the matters involving corporate subjects OIP affirmed *Glomar* responses that on their face could not lawfully apply to a corporation. Plaintiff has substantially complied with all procedural prerequisites to suit under 5 U.S.C. § 552(a)(4)(B).

### MAY 8, 2025 FBI FOIA REQUEST NO. 1667699-000: TESLA 302 FORMS

82.    On or around May 8, 2025, Plaintiff submitted a FOIA request to the FBI for "[a]ll FBI Form 302s, interview and/or depositions transcripts, and e-mails written by, conducted by, to or from FBI Special Agent Steven Coffin [] and containing the word 'Tesla' from January 1, 2020 to January 31, 2025."

83.    On May 14, 2025, the FBI acknowledged receipt of the request.

84.    The FBI assigned FOIPA Request No. 1667699-000 to the matter and identified the subject as "COFFIN, STEVEN (RECORDS CONTAINING 'TESLA' BETWEEN JANUARY 1, 2020 - JANUARY 31, 2025)."

85.    On May 21, 2025, just thirteen days after the request was filed, the FBI closed the request, stating: "You have requested records on one or more third party individuals. Please be advised the FBI will neither confirm nor deny the existence of such records pursuant to FOIA exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C). . . . As a result, your request has been closed."

86.    On May 22, 2025, Plaintiff timely filed an administrative appeal with OIP, designated A-2025-01779. The basis of the appeal was that:

> "Steven Coffin is NOT the subject of my request. He is a former FBI Special Agent. Tesla, Inc. ('Tesla') is the subject of my request. Agent Coffin was investigating Tesla and I narrowed the request to documents that are associated with Agent Coffin. Since Tesla is a corporation, Exemptions (b)(6) and (b)(7)(C) are inapplicable."

87.    On June 30, 2025, Christina Troiani, Chief, Administrative Appeals Staff, of OIP issued a decision letter affirming the FBI's action. OIP construed the appeal as concerning "the FBI's refusal to confirm or deny the existence of responsive records," and affirmed on the

COMPLAINT                                    13

ground that "[c]onfirming or denying the existence of such records, including law enforcement records, concerning a third-party individual would constitute a clearly unwarranted invasion of personal privacy." OIP expressly informed Plaintiff: "If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B)."

88. OIP's *Glomar* affirmance is unjustified because Plaintiff's request concerned a corporate entity (Tesla), not a "third-party individual," and the records sought are agency records reflecting the investigative activity of a former federal employee in his official capacity.

89. Plaintiff has exhausted his administrative remedies.

### JULY 23, 2025 FBI FOIA REQUEST NO. 1675739-000: EPSTEIN FILES

90. On or around July 23, 2025, Plaintiff submitted a FOIA request to the FBI for, "1. All communications between the United States Department of Justice and the Federal Bureau of Investigation from March 1, 2025 through April 30, 2025 concerning Jeffrey E. Epstein (deceased). 2. All documents in files of the Federal Bureau of Investigation reviewed at the direction of the United States Department of Justice during March or April 2025 regarding any investigation concerning Jeffrey E. Epstein (deceased) that also mention 'Trump'."

91. On July 30, 2025, the FBI acknowledged receipt of the request.

92. The FBI assigned FOIPA Request No. 1675739-000 to the matter and identified the subject as "EPSTEIN, JEFFREY EDWARD (MENTIONS OF DONALD TRUMP)."

93. On July 30, 2025, the FBI "Record/Information Dissemination Section Information Management Division," sent a separate unsigned letter asserting "unusual circumstances."

94. As of the date of this filing, more than twenty business days have elapsed and the FBI has not produced any responsive records on remand, has not issued any final determination on remand, and has not complied with the statutory deadline under 5 U.S.C. § 552(a)(6)(A)(i). Plaintiff has exhausted his administrative remedies, and the FBI's continued non-response on the remanded portion provides an independent basis for constructive exhaustion under 5 U.S.C. § 552(a)(6)(C)(i).

COMPLAINT                                    14

## OCTOBER 7, 2021 USDOJ CRIMINAL DIVISION FOIA REQUEST NO. CRM-301678106: INVESTIGATIVE MATERIALS RE TESLA AND ELON MUSK

95.     On or around October 7, 2021, Plaintiff submitted a FOIA request to the USDOJ Criminal Division for "Any investigative materials, including but not limited to subpoenas and associated responses, pertaining to Tesla, Inc. or Elon Musk from January 1, 2017 to present."

96.     The FOIA.gov submission was assigned Confirmation ID 267991.

97.     The USDOJ Criminal Division received the request in its Office of Enforcement Operations on October 8, 2021.

98.     The USDOJ Criminal Division failed to issue any determination on the request within the twenty business day statutory deadline set forth in 5 U.S.C. § 552(a)(6)(A)(i).

99.     The USDOJ Criminal Division did not even acknowledge receipt of the request until September 30, 2024, nearly three years later, when Christina Butler, Chief, FOIA/PA Unit of the Criminal Division, issued a decision letter assigning the matter file number CRM-301678106 and asserting a *Glomar* response.  The letter stated:

> "This is in response to your request for records on the above-described subject. Please be advised that I have decided to neither confirm nor deny the existence of such records pursuant to Exemption 7(A) of the FOIA. 5 U.S.C. § 552(b)(7)(A). Even to acknowledge the existence of law enforcement records could reasonably be expected to interfere with enforcement proceedings. . . ."

> "This is in response to your request for records on Elon Musk.  Please be advised that I have decided to neither confirm nor deny the existence of such records pursuant to Exemptions 6 and 7(C) of the FOIA. 5 U.S.C. § 552(b)(6), (7)(C). Even to acknowledge the existence of law enforcement records on another individual could reasonably be expected to constitute an unwarranted invasion of personal privacy."

100.     On September 30, 2024, Plaintiff filed a timely administrative appeal of the *Glomar* response with OIP. Appeal No. A-2024-02710 noted that:

> "It took the USDOJ Criminal Division three years to acknowledge this request.  In that three-year period, several criminal investigations regarding Tesla, Inc. and Elon Musk were opened and closed.  To the extent that any investigation has already been closed, those documents should be produced and a 7(A) exemption is inappropriate."

> "Elon Musk is an intelligence asset of the Russian Federation, one of the most famous people in the world, and widely regarded by government officials as a

COMPLAINT                                    15

national security threat. This supersedes the standard rationale for Exemptions 6 and 7(C) as disclosure on the government's investigation into his activities is not 'unwarranted.'"

101. Plaintiff's appeal also requested expedited processing on the grounds that, among other things, "Elon Musk recently threatened the life of the President of the United States and the Vice-President of the United States" and that there is "an urgent need to inform the public about his activity and the government's investigations into it."

102. On September 26, 2025, Christina Troiani, Chief, Administrative Appeals Staff, of OIP issued a decision letter affirming the Criminal Division's *Glomar* response in its entirety. The decision stated:

> "As to the portion of your request concerning Elon Musk, the Criminal Division properly refused to confirm or deny the existence of responsive records. . . . As to portion of your request concerning Tesla, Inc., the Criminal Division properly refused to confirm or deny the existence of responsive records. Please be advised that the Criminal Division did not conduct a search for the requested records as the existence of any responsive records would be protected from disclosure under the FOIA pursuant to Exemption (b)(7)(A)."

103. The OIP letter also expressly stated: "If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B)."

104. The USDOJ Criminal Division's *Glomar* response is unjustified. Tesla, Inc. is a publicly-traded corporation, not an "individual" entitled to personal privacy under Exemptions 6 or 7(C). Multiple criminal and regulatory investigations of Tesla and Elon Musk are public matters, including investigations confirmed by Tesla's own filings with the Securities and Exchange Commission and USDOJ statements. The agency's complete failure even to conduct a search is contrary to FOIA's procedural requirements. Plaintiff has exhausted his administrative remedies.

### MAY 19, 2023 DOD FOIA REQUEST NO. 23-F-0891: OSD EMAILS REGARDING ELON MUSK AND MUSK ENTITIES

105. On or around May 19, 2023, Plaintiff submitted a FOIA request to the Department of Defense for "E-mail and/or letter correspondence to or from the following Office of the Secretary of Defense staff: A. Kelly Magsamen [and] B. Dr. Radha Iyengar Plumb

COMPLAINT                                        16

containing the terms: 1. Elon Musk 2. Musk 3. SpaceX 4. Tesla 5. Neuralink 6. Starlink 7. Soros from January 1, 2018 to present, excluding recurring e-mail newsletters." The request was submitted via the DOD FOIA portal and received by the OSD/JS FOIA Requester Service Center that same day.

106. The DOD assigned FOIA case number 23-F-0891 to the matter.

107. On May 23, 2023, the DOD Freedom of Information Division issued an "interim response" letter, signed by Ann Ernest Johnson for Stephanie L. Carr, Chief, advising that the DOD would "not be able to respond within the FOIA's 20-day statutory time period as there are unusual circumstances which impact our ability to quickly process your request." The DOD stated:

> "Your request has been placed in our complex processing queue and is being worked based on the order in which the request was received. Our current administrative workload is approximately 3,501 open requests."

108. For nearly three years thereafter, Plaintiff was repeatedly required to follow up with FOIA Analyst Jacqueline R. Nannery and the OSD/JS FOIA Requester Service Center to ascertain the status of the request. Among other communications:

(a) On August 19, 2024, Plaintiff responded to a "still-interested" inquiry by confirming "I remain interested in FOIA Request No. 23-F-0891. Please continue processing and confirm receipt." On August 20, 2024, Ms. Nannery confirmed continued processing.

(b) On December 24, 2024, Plaintiff requested a status update. On December 30, 2024, Ms. Nannery responded that the request was "currently tasked to a component office of the Office of the Secretary of Defense (OSD) to conduct a search for responsive records."

(c) On February 14, 2025, Ms. Nannery provided an estimated completion date of "May 15th, 2025."

(d) Plaintiff asked for rolling production. On March 7, 2025, Ms. Nannery wrote: "Unfortunately, our office does not offer rolling production services. However, your FOIA request for case #23-F-0891 is currently in the final

COMPLAINT                                    17

production to provide you a response."

(e) On March 10, 2025, Ms. Nannery requested permission to "omit non-substantive news-clippings from the search results to speed up the review process."

(f) On April 10, 2025, Plaintiff wrote: "Please update me on the status of this request, Request No. 23-F-0891. If I do not have documents from you by the end of the week I plan to sue."

(g) On May 15, 2025, Plaintiff wrote: "It's May 15th. Are you planning on producing records today or do I need to go to court?" The estimated completion date of May 15, 2025, came and went with no production.

(h) On May 19, 2025, Ms. Nannery responded that "I received an updated estimated completion date of November 19th, 2025 for your FOIA request."

(i) The November 19, 2025 estimated completion date also came and went with no production. On November 18, 2025, Ms. Nannery wrote that "due to the government-wide furlough, our office was closed."

(j) On January 20, 2026, Ms. Nannery wrote that "The component conducting the search and review of records for your FOIA request, 23-F-0891, has provided me an estimated completion date of April 10, 2026." That estimated date also came and went with no production.

(k) On May 13, 2026, more than three years after the request was filed, Ms. Nannery again wrote that she had "followed up for an update" but provided no further estimated completion date.

(l) On May 18, 2026, Ms. Nannery indicated that the new estimated completion date was "November 20th, 2026."

109.    As of the date of this filing, more than three years after the request was filed, the DOD has not produced any responsive records, has not issued any final determination, has not complied with the statutory deadline under 5 U.S.C. § 552(a)(6)(A)(i), and has not complied with the statutory requirement under 5 U.S.C. § 552(a)(7)(B)(ii) to provide a reasonable estimated

COMPLAINT                                          18

date of completion. Plaintiff has constructively exhausted his administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

**MARCH 25, 2025 DOD FOIA REQUEST NO. 25-F-2599: DAN CALDWELL**

110. On or around March 25, 2025, Plaintiff submitted a FOIA request to the DOD for "All e-mail and Signal messages sent by Dan Caldwell from January 20, 2025 to present."

111. The FOIA.gov submission was assigned Confirmation ID 2027501.

112. The DOD assigned FOIA case number 25-F-2599 to the matter.

113. On March 26, 2025, Stephanie L. Carr, Chief of the DOD Freedom of Information Division, issued an interim response letter again advising that the DOD would "not be able to respond within the FOIA's 20-day statutory time period," stating:

> "Your request has been placed in our complex processing queue and is being worked based on the order in which the request was received. Our current administrative workload is approximately 4,751 open requests."

114. On April 7, 2025, in response to a request from FOIA Analyst Whitney Vejvoda to narrow scope, Plaintiff narrowed the request to "those e-mails and/or Signal messages sent by Dan Caldwell concerning any of the following subjects: 1. Canada 2. Greenland 3. Panama 4. Israel 5. Gaza 6. Mexico 7. Alcohol."

115. On April 7, 2025, Zachary J. Daniel, Government Information Specialist of the OSD/JS FOIA Requester Service Center, confirmed: "We will relay your clarification to our component and proceed with the search for responsive records."

116. As of the date of this filing, more than one year after the request was filed and the narrowing was confirmed, the DOD has not produced any responsive records and has not issued any final determination. Plaintiff has constructively exhausted his administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

**MARCH 12, 2020 TREASURY FOIA REQUEST NO. 2020-03-072: JIM CRAMER**

117. On or around March 12, 2020, Plaintiff submitted a FOIA request to the United States Department of the Treasury for: "Records of and notes from all telephone calls made to or from Secretary Steven Mnuchin on his work or cell phone and Jim Cramer, host of CNBC Mad Money. Additionally, all e-mails exchanged between Secretary Steven Mnuchin and Jim

COMPLAINT                                    19

Cramer," for the period July 1, 2018 to present.

118. The FOIA.gov submission was assigned Confirmation ID 113891.

119. Treasury assigned reference number 2020-03-072 to the matter.

120. On March 13, 2020, Cawana Pearson, FOIA Case Manager in the Office of FOIA and Transparency, Privacy, Transparency, and Records (PTR), issued an acknowledgement letter asserting "unusual circumstances" and an additional ten-day processing extension.

121. On June 1, 2020, Ms. Pearson advised: "Treasury Departmental Offices processes FOIA requests in a multi-track system, which identifies a request as simple or complex, and generally processes each request on a first-in, first-out basis. Your request is considered complex. Please note that Treasury's average processing time for complex requests is approximately 346 business days."

122. As of the date of this filing, more than six years after the request was filed, and more than four times Treasury's self-described average processing time, Treasury has not produced any responsive records, has not issued any final determination, and has not complied with the statutory deadline under 5 U.S.C. § 552(a)(6)(A)(i). Plaintiff has constructively exhausted his administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

**JUNE 16, 2020 TREASURY FOIA REQUEST NO. 2020-06-133: LARRY KUDLOW**

123. On or around June 16, 2020, Plaintiff submitted a FOIA request to Treasury for "All e-mail correspondence between Secretary Steven Mnuchin and Larry Kudlow, or Craig Phillips and Larry Kudlow, from October 1, 2018 to present."

124. The FOIA.gov submission was assigned Confirmation ID 136066.

125. Treasury assigned reference number 2020-06-133 to the matter.

126. On June 17, 2020, Treasury sought clarification of the scope of the request. Plaintiff timely responded the same day: "Regarding request number 2020-06-133, I am requesting all e-mail correspondence between 1. Secretary Steven Mnuchin and Larry Kudlow 2. Craig Phillips and Larry Kudlow from October 1, 2018 to present. Both sets. There is no topic or subject matter I wish to specify."

127. On June 18, 2020, Ms. Pearson issued an acknowledgement letter asserting

COMPLAINT                                        20

"unusual circumstances" and an additional ten-day processing extension.

128.   On April 14, 2022, Treasury wrote in response to a status inquiry that other related FOIA requests were "in the search phase" or "processing stage" but offered no specific status on request 2020-06-133.  On January 12, 2024, Treasury sent Plaintiff a "still interested" inquiry regarding request 2020-06-133, to which Plaintiff responded the same day: "Yes, I am still interested and I am planning to sue you for violating FOIA.  Produce the documents I have requested."  Treasury made no production in response.

129.   As of the date of this filing, more than six years after the request was filed, Treasury has not produced any responsive records, has not issued any final determination, and has not complied with the statutory deadline under 5 U.S.C. § 552(a)(6)(A)(i).  Plaintiff has constructively exhausted his administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

## AUGUST 15, 2019 TREASURY FOIA REQUEST NO. 2019-08-092: MNUCHIN/PHILLIPS COMMUNICATIONS RE TRUMP MENTAL HEALTH

130.   On or around August 15, 2019, Plaintiff submitted a FOIA request to Treasury for "Any e-mails, letters or other documents expressing concern over the mental health of Donald J. Trump, or containing references to the 25th Amendment, from October 2016 to present."

131.   The FOIA.gov submission was assigned Confirmation ID 74801.

132.   Treasury assigned reference number 2019-08-092 to the matter.

133.   On August 16, 2019, Treasury issued an "imperfect" letter contending that the request was too broad and directing Plaintiff to "identify the custodians of the records you seek by name and or title."

134.   On or around August 19, 2019, Plaintiff narrowed the request to Secretary Steven Mnuchin and Craig Phillips as custodians.

135.   On October 7, 2019, in response to a status inquiry, Ms. Pearson advised that the request was placed on Treasury's complex track and that "Treasury's average processing time for complex requests is approximately 346 business days."

136.   Treasury did not issue any further substantive response for nearly five years.

137.   On July 10, 2024, Mark Bittner, Director for FOIA and Transparency, Office of Privacy, Transparency, and Records, issued a final response letter releasing 2,466 pages in full

COMPLAINT                                21

and 7 pages in part, withholding limited information under FOIA Exemption 6. The letter stated:

> "A reasonable search was conducted for records responsive to your request. In response to the search, 2,473 pages were located within the Departmental Offices of Treasury. After carefully considering these records, Treasury is releasing 2,466 pages in full and 7 pages in part. The withheld information is protected from disclosure under the FOIA pursuant to 5 U.S.C. § 552 (b)(6)."

138.    Treasury's July 10, 2024 response is procedurally deficient and demonstrates the inadequacy of Treasury's search. The fact that Treasury required nearly five years to produce records of communications between two senior Treasury officials and the limited custodian set expressly identified by Plaintiff, and that Treasury asserted "unusual circumstances" justifying delay throughout that period, evidences that Treasury's search was not "reasonably calculated to uncover all relevant documents."

139.    Plaintiff has substantially complied with the procedural prerequisites to suit and challenges the adequacy of Treasury's search as well as Treasury's withholding under Exemption 6.

## APRIL 13, 2023 TREASURY FOIA REQUEST NO. 2023-FOIA-00393: CFIUS

140.    On or around April 13, 2023, Plaintiff submitted a FOIA request to Treasury for "E-mails to or from CFIUS@treasury.gov or CFIUS.tips@treasury.gov, or any member of Secretary Janet Yellen's staff or Secretary Yellen herself containing the terms: 1. Musk 2. Tesla 3. SpaceX 4. Starlink from January 1, 2019 to present, excluding e-mail newsletters."

141.    The FOIA.gov submission was assigned Confirmation ID 675871.

142.    Treasury assigned reference number 2023-FOIA-00393 to the matter.

143.    Treasury failed to issue any determination on the request within the twenty business day statutory deadline set forth in 5 U.S.C. § 552(a)(6)(A)(i).

144.    On or around March 6, 2025, nearly two years after the request was filed, Plaintiff inquired about the status of the request. On March 7, 2025, Treasury's FOIA Office responded: "This case is in the search stage. Once the documents are located, they will be reviewed."

145.    As of the date of this filing, more than three years after the request was filed, Treasury has not produced any responsive records, has not issued any final determination, and has not complied with the statutory deadline under 5 U.S.C. § 552(a)(6)(A)(i). Plaintiff has

COMPLAINT                                      22

constructively exhausted his administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

## MARCH 25, 2025 TREASURY FOIA REQUEST NO. 2025-FOIA-01715: DAN KATZ

146.    On or around March 25, 2025, Plaintiff submitted a FOIA request to Treasury for "All e-mail sent from Dan Katz from January 20, 2025 to present."

147.    The FOIA.gov submission was assigned Confirmation ID 2027481.

148.    Treasury assigned reference number 2025-FOIA-01715 to the matter.

149.    On May 12, 2025, Treasury updated the status of the request to "Received."

150.    As of the date of this filing, more than one year after the request was filed, Treasury has not produced any responsive records, has not issued any final determination, and has not complied with the statutory deadline under 5 U.S.C. § 552(a)(6)(A)(i).  Plaintiff has constructively exhausted his administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

## OCTOBER 8, 2024 SEC FOIA REQUEST NO. 25-00085-FOIA: TESLA INVESTIGATIONS

151.    On or around October 8, 2024, Plaintiff submitted a FOIA request to the SEC for access to "the full investigative files for each SEC investigation of Tesla, Inc., NASDAQ: TESLA opened from 1/1/2021 through 10/8/2024."

152.    The SEC received the request on October 9, 2024.

153.    The SEC assigned reference number 25-00085-FOIA to the matter.

154.    On July 14, 2025, Carmen L. Mallon, FOIA Branch Chief, issued a response letter producing 37 pages of records, while withholding additional records, including under FOIA Exemption 7(A). The letter stated:

> "Access is granted to the enclosed records (37 pages), that may be responsive to your request, except for information which is exempt from disclosure under 5 U.S.C. § 552(b)(4), (b)(6), and (b)(7)(C) for the following reasons . . . Additionally, we are withholding records that may be responsive to your request under 5 U.S.C. § 552(b)(7)(A). This exemption protects from disclosure records compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement activities. Since Exemption 7(A) protects the records from disclosure, we have not determined if other exemptions apply."

155.    The 37 pages produced consisted of records from SEC investigative Matter MFW-04490, comprising e-mails with outside counsel for Hertz Global Holdings, Inc. at White

COMPLAINT                                         23

& Case LLP and a voluntary document request directed to Hertz.

156.    On July 14, 2025, Plaintiff filed a timely administrative appeal with the SEC Office of FOIA Services, challenging the withholdings on three grounds: (1) that Exemption 7(A) is inapplicable to any closed investigation; (2) that corporations are not entitled to personal privacy protections under Exemptions 6 and 7(C); and (3) that information Tesla claims to be confidential business information under Exemption 4 is likely not actually confidential business information.

157.    On July 15, 2025, the SEC Office of FOIA Services acknowledged the appeal and assigned it tracking number 25-00671-APPS, referring it to the SEC's Office of the General Counsel for processing.

158.    On August 11, 2025, the SEC Office of the General Counsel issued a decision denying Plaintiff's appeal in its entirety.

159.    In denying the appeal, the SEC disclaimed the responsiveness of the very records it had produced, stating that it had "confirmed with Division of Enforcement staff that worked on Matter MFW-04490 that this investigation was not 'of Tesla,'" that "the focus of the investigation was whether Hertz Global Holdings, Inc. . . . violated any federal securities laws," and that "[n]o records reflecting communications with Tesla or its counsel were located in the subject investigative files."

160.    The SEC thus took nine months to produce 37 pages that, by its own subsequent admission, were not responsive to Plaintiff's request at all, while withholding in their entirety every record that was responsive.

161.    The August 11, 2025 decision further confirmed the existence of the records Plaintiff seeks. The SEC stated that the FOIA Officer had "asserted Exemption 7(A) to withhold materials associated with multiple investigative matters concerning Tesla, including certain investigations which are closed"; that the SEC had "confirmed with Enforcement staff that certain of the records you seek concerning Tesla are associated with an investigation that is active and ongoing"; and that "the records you seek from closed investigations involving Tesla are intertwined with the aforementioned active and ongoing investigation."

COMPLAINT                                    24

162. The SEC's categorical withholding of all records from closed Tesla investigations, on the theory that they are "intertwined" with an unspecified ongoing matter, is unsupported and forecloses the segregability analysis required by 5 U.S.C. § 552(b). Plaintiff has exhausted his administrative remedies with respect to this request.

### JANUARY 15, 2025 SEC FOIA REQUEST NO. 25-01230-FOIA: QUINN EMANUEL

163. On or around January 15, 2025, Plaintiff submitted a FOIA request to the SEC for "all documents, including e-mails, to or from any Quinn Emanuel Urquhart & Sullivan LLP employee as part of the SEC Investigation No. SF-4519 case file from January 1, 2022 to present."

164. The SEC assigned reference number 25-01230-FOIA to the matter.

165. On February 25, 2025, Adrienne M. Santos, FOIA Branch Chief, issued a response letter denying the request in its entirety under Exemption 7(A):

> "We are withholding records that may be responsive to your request under 5 U.S.C. § 552(b)(7)(A). This exemption protects from disclosure records compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement activities. Since Exemption 7(A) protects the records from disclosure, we have not determined if other exemptions apply."

166. On February 25, 2025, Plaintiff filed a timely administrative appeal with the SEC Office of the General Counsel. Plaintiff stated, "[u]pon information and belief, the only federal investigation relevant to this request, SEC Investigation No. SF-04519, is closed" and "[t]herefore an Exemption 7(A) response is inappropriate."

167. The SEC assigned appeal number 25-00292-APPS to the appeal.

168. On March 13, 2025, the SEC Office of the General Counsel issued a decision denying the appeal in its entirety. The decision asserted that "the FOIA Officer correctly asserted Exemption 7(A) to withhold the requested records associated with Matter SF-04915. There is a two-step test to determine whether information is protected under Exemption 7(A), whether: (1) a law enforcement proceeding is pending or prospective, and (2) release of information about it could reasonably be expected to" interfere. The SEC's decision twice identified the matter at issue as "Matter SF-04915," transposing the digits of SEC Investigation No. SF-04519 that Plaintiff had identified, and recited Plaintiff's request as covering the period

COMPLAINT                                    25

"from January 1, 2020 to present" when the request on its face covered the period from January 1, 2022 to present. These discrepancies indicate that the SEC did not accurately identify the records Plaintiff requested before withholding them in full.

169.    Plaintiff has exhausted his administrative remedies with respect to this request and challenges the SEC's invocation of Exemption 7(A) as unsupported, particularly given the status of SEC Investigation No. SF-4519/SF-04519.

### MARCH 24, 2026 SEC FOIA REQUEST NO. 26-01769-FOIA: ELON MUSK AND JARED BIRCHALL DEPOSITION VIDEOS

170.    On or around March 24, 2026, Plaintiff submitted a FOIA request to the SEC for "all deposition videos of Elon Musk and Jared Birchall pertaining to any SEC investigation or litigation in which either individual was deposed" from January 1, 2018, to March 20, 2026.

171.    Two months later, on May 22, 2026, the SEC acknowledged receipt of the request.

172.    The SEC assigned reference number 26-01769-FOIA to the matter.

173.    The May 22, 2026 letter stated, "Enclosed with this response are deposition video files that may be responsive to the portion of your request for Elon Musk. We have determined to withhold portions of the records from disclosure under 5 U.S.C. § 552(b)(4), (6), and (7)(C) for the following reasons…" The letter's "reasons" did not explain that the SEC had decided to redact statements not only made by Mr. Musk, but also by its own employees. In fact, the SEC redacted from the videos it produced the audio stream of every single question asked of Mr. Musk during the deposition, which spans several hours.

174.    On May 22, 2026, after receiving the letter, Plaintiff filed an appeal with the SEC.

175.    The SEC assigned Plaintiff's appeal reference number 26-01769-FOIA.

176.    On or around June 1, 2026, the SEC posted the transcript of the deposition on its website, including the text version of each question and the identity of each SEC attorney involved in the deposition, at https://www.sec.gov/files/elon-musk-testimony-transcript.pdf, indicating that the contents of each question was not sensitive.

177.    On June 22, 2026, the SEC responded to Plaintiff's appeal, denying it in part and remanding in part as to the request for the video of the Jared Birchall deposition(s).

COMPLAINT                                                    26

178. To justify redacting the audio of the SEC's questions to Mr. Musk, the SEC cited *Pike v. Dep't of Justice*, 306 F. Supp. 3d 400, 412 (D.D.C. 2016), which is a portion of a case about an FBI confidential informant whose life was at risk. Thus, the SEC appeared to argue that its employees are FBI confidential informants whose lives are at risk, and thus, the SEC could not risk their identities being revealed, despite having already revealed them in writing.

179. Plaintiff inquired with SEC Attorney Mark Tallarico regarding this reasoning. On June 25, 2026, Mr. Tallarico responded, "No, that's not our argument. We understand that the SEC staff's identities are revealed in the written transcript. As stated in our appeal decision, 'Enforcement staff that participated in the Musk deposition have a privacy interest in their recorded voice …'" Attorney Tallarico identified no additional precedent to support this naked assertion. When pressed, Attorney Tallarico did not suggest that the SEC is concerned about "deepfake" artificial intelligence-based alteration or misuse of staff members' voices, and stopped responding to Plaintiff.

180. As of the date of this filing, more than twenty business days have elapsed since the filing of the initial request and the appeal, and the SEC has not produced any video of the Jared Birchall deposition(s), nor has the SEC unredacted its questions from the Elon Musk deposition videos. Plaintiff has constructively exhausted his administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

## OCTOBER 8, 2024 USSS FOIA REQUEST NO. 20250041: USSS DIRECTOR E-MAILS REGARDING MUSK THREATS AGAINST BIDEN/HARRIS

181. On or around October 8, 2024, Plaintiff submitted a FOIA request to the United States Secret Service for "any e-mails to or from the Director or Deputy Director of the United States Secret Service concerning threats to the life of President Joe Biden or Vice President Kamala Harris made by Elon Musk via X (formerly Twitter), and any documents reflecting enforcement actions related thereto addressed to any individual," for the period September 1, 2024 to present.

182. The FOIA.gov submission was assigned Confirmation ID 1608621.

183. Plaintiff requested expedited processing on the grounds that "the threat posed by Mr. Musk is credible and could reasonably pose an imminent threat to the life or physical safety

of multiple individuals" and that "there is an urgent need to inform the public about the Secret Service's handling of the threat Mr. Musk poses." Plaintiff certified the underlying factual representations under penalty of perjury.

184.    The Secret Service received the request on October 9, 2024 and assigned file number 20250041.

185.    On October 10, 2024, just one day after receiving the request, Kevin L. Tyrrell, Freedom of Information Act Officer, Office of Intergovernmental and Legislative Affairs, issued a "final response" denying the request in its entirety. The letter stated:

> "At this time, pursuant to Title 5 U.S.C. § 552(B)(7)(A), any potentially responsive records, if they exist, are exempt as disclosure could reasonably be expected to interfere with enforcement proceedings. The citation of the above exemption is not to be construed as the only exemption which may be available under the FOIA."

186.    The Secret Service's letter referenced an erroneous "Date Range for Record Search: From 10/1/2024 To 10/9/2024," which did not match Plaintiff's requested range of September 1, 2024 to present.

187.    On October 10, 2024, Plaintiff filed a timely administrative appeal. The appeal stated:

> "I hereby appeal the decision in Request No. 20250041. First, the decision letter references the wrong date range. My request's range began on September 1, 2024, not October 1, 2024. Second, to the extent that any investigations or enforcement proceedings have concluded, Exemption 7(A) no longer applies."

188.    On March 25, 2025, having received no response to the administrative appeal, Plaintiff again followed up with the Secret Service, asking it to "explain why I have not heard anything back about my appeal."

189.    As of the date of this filing, more than twenty business days have elapsed since the appeal was filed without any final agency determination. Plaintiff has constructively exhausted his administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

**MARCH 25, 2025 ODNI FOIA REQUEST NO. DF-2025-00315: JOE KENT**

190.    On or around March 25, 2025, Plaintiff submitted a FOIA request to the Office of the Director of National Intelligence for "All e-mail and Signal messages sent from Joe Kent from January 20, 2025 to present."

COMPLAINT                                    28

191. The FOIA.gov submission was assigned Confirmation ID 2027491.

192. On March 25, 2025, the ODNI FOIA Office confirmed receipt of the request.

193. On April 15, 2025, the ODNI FOIA Office requested that Plaintiff "narrow the request" on the basis that "[a]s written, the searches will result in potentially thousands of responsive records."

194. On April 15, 2025, Plaintiff narrowed the request to the following topics: "1. Canada 2. Greenland 3. Panama 4. Israel 5. Gaza 6. Mexico 7. Russia 8. Vladimir Putin 9. Elon Musk 10. Department of Government Efficiency."

195. On April 16, 2025, Erin Morrison, Chief, Information Review and Release Group, Information Management Office, issued a letter acknowledging receipt and stating: "The request has been assigned ODNI tracking number DF-2025-00315. ODNI will begin processing this case in accordance with when it was received."

196. As of the date of this filing, more than one year after the request was filed and narrowed, ODNI has not produced any responsive records, has not issued any final determination, and has not complied with the statutory deadline under 5 U.S.C. § 552(a)(6)(A)(i). Plaintiff has constructively exhausted his administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

### MAY 8, 2024 FDA FOIA REQUEST NO. FDA24103581: NEURALINK

197. On or around May 8, 2024, Plaintiff submitted a FOIA request to the United States Food and Drug Administration relating to Neuralink Corp. The FDA's public portal assigned the submission Confirmation Number FDA24103581, and the FDA subsequently assigned the request agency tracking number 2024-4321. The request sought:

> "All e-mail between any e-mail address at the neuralink.com domain name and any e-mail address at the fda.gov or hhs.gov domain names; 2. All letter correspondence between the FDA and Neuralink, Inc. ("Neuralink"); 3. Copies of each and every FDA Form 483 (Notices of Inspectional Observations) regarding Neuralink; 4. All responsive documents from FOIA Request Nos. 2022-8418, 2023-631, 2023-645, 2023-1070, 2023-1071, 2023- 1294, 2023-1867, 2023-2038, 2023-4495, 2023-4497, 2023-4498, 2023-4598, 2023-6291, 2023-7077, 2023-8246, and 2022-8418 not included above, from January 1, 2020 through present."

The date range was January 1, 2020 through May 8, 2024.

COMPLAINT                                29

198.    On May 17, 2024, Sarah B. Kotler, J.D., Director of the FDA's Division of Freedom of Information, sent Plaintiff a partial response addressed to item 3 of the request only, enclosing certain records responsive to Plaintiff's request for FDA Form 483 Notices of Inspectional Observations.

199.    In the same May 17, 2024 message, the FDA expressly acknowledged that it had not processed a substantial portion of the request, stating: "FDA has not yet processed the following requests, so there are no responses for them: 2023-1294, 2022-8418, 2023-4497, 2023-4598, 2023-4498, and 2023-631." The FDA further advised Plaintiff, "You will receive appeal rights with your final agency response," thereby confirming that no final agency response had issued.

200.    The FDA made no response whatsoever to items 1 and 2 of the request, which sought all e-mail between the neuralink.com domain name and the fda.gov or hhs.gov domain names, and all letter correspondence between the FDA and Neuralink.

201.    On April 21, 2025, Plaintiff wrote to Ms. Kotler requesting a status update on FDA Request No. 2024-4321. The FDA never responded to that inquiry.

202.    The FDA failed to issue any final determination on the request within the twenty business day statutory deadline set forth in 5 U.S.C. § 552(a)(6)(A)(i), and has never notified Plaintiff of any right to appeal.

203.    As of the date of this filing, more than two years after the request was filed, the FDA has produced records responsive to only one of the four items in Plaintiff's request, has not produced any records responsive to items 1 and 2 or to the unprocessed portions of item 4, has not issued any final determination, and has not complied with the statutory deadline under 5 U.S.C. § 552(a)(6)(A)(i). Plaintiff has constructively exhausted his administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

**THE EPSTEIN FILES TRANSPARENCY ACT: USDOJ'S FAILURE TO COMPLY**

204.    Jeffrey E. Epstein was a convicted sex offender who, in 2019, was charged by the United States Attorney for the Southern District of New York with sex trafficking and conspiracy to commit sex trafficking. Epstein was found dead in his jail cell while awaiting trial,

COMPLAINT                                    30

ending the prospect of a trial that would have examined his conduct and that of his associates. Extensive investigative reporting has since indicated that numerous powerful individuals associated with Epstein, raising the question whether additional crimes were committed and never charged.

205. In November 2025, after sustained public pressure, Congress passed and the President signed into law the Epstein Files Transparency Act (the "EFTA" or the "Act"), Pub. L. No. 119-38, 139 Stat. 656 (2025). The President signed the Act on November 19, 2025.

206. Section 2(a) of the Act requires the Attorney General to make publicly available all records in the possession of the United States Department of Justice and the Federal Bureau of Investigation relating to Jeffrey Epstein and Ghislaine Maxwell, including records concerning "individuals, including government officials, named or referenced in connection with Epstein's criminal activities, civil settlements, immunity or plea agreements, or investigatory proceedings." 139 Stat. 656.

207. The Act required that these records be produced within thirty days of enactment. The statutory deadline for production was therefore December 19, 2025.

208. The Act permits records to be withheld or redacted only on five enumerated grounds, set forth at § 2(c)(1), 139 Stat. 656: (a) personally identifiable information from the personal or medical file of a victim or child witness, or information whose disclosure would constitute a clearly unwarranted invasion of personal privacy; (b) child sexual abuse material; (c) material that would jeopardize an active federal investigation or prosecution, and then only where the withholding is "narrowly tailored" and "temporary"; (d) depictions of injury, death, or physical abuse; and (e) information specifically authorized under criteria established by an executive order to be kept secret in the interest of national defense or foreign policy.

209. Section 2(b)(1) of the Act expressly forbids withholding any record on the ground that it is politically sensitive, or that its release would cause embarrassment or reputational harm to government officials, public figures, or foreign dignitaries. 139 Stat. 656.

210. Section 2(c)(2) of the Act requires that "[a]ll redactions must be accompanied by a written justification published in the Federal Register and submitted to Congress." 139 Stat.

COMPLAINT                                    31

657.

211.    Section 3 of the Act separately requires the Attorney General, within fifteen days of completing the release, to submit a report to Congress listing all categories of records released and withheld, summarizing the redactions made and the legal basis for each, and identifying all government officials and politically exposed persons named or referenced in the released materials.  139 Stat. 657-58.

212.    USDOJ did not comply with the Act's deadline.  On December 19, 2025 — the statutory deadline — Then-Deputy Attorney General Todd Blanche issued a letter to Congress stating that the Department was "producing hundreds of thousands of pages of responsive materials in compliance with the [Act]."  In the same letter, however, USDOJ acknowledged that it was "continuing to review additional documents and other items for potential responsiveness," and that "the volume of materials to be reviewed . . . means that the Department must publicly produce responsive documents on a rolling basis."  USDOJ thus conceded on the face of its own compliance letter that it had not produced all responsive material by the statutory deadline.

213.    USDOJ published additional materials on December 20, December 22, and December 23, 2025, and again on January 30, 2026, each of which was after the statutory deadline had passed.

214.    On January 30, 2026, Mr. Blanche wrote to Congress that that day's production "mark[ed] the Department's compliance with its production obligations under the [Act]."  USDOJ announced the same day that it had published approximately 3.5 million pages of records in response to the Act.  By this act USDOJ has declared its production under the Act to be complete.

215.    In the same January 30, 2026 letter, USDOJ disclosed that "approximately 200,000 pages have been redacted or withheld based on various privileges."  In its December 19, 2025 letter USDOJ had identified those privileges as "deliberative-process privilege, work-product privilege, and attorney-client privilege," and in its February 14, 2026 report to Congress USDOJ confirmed that "the privileges that applied to the withheld records were deliberative-process privilege, work-product privilege, and attorney-client privilege."

COMPLAINT                                          32

216. The deliberative-process privilege, the attorney work-product doctrine, and the attorney-client privilege are not among the five grounds for withholding permitted by § 2(c)(1) of the Act. The Act's enumeration of permitted withholdings is exhaustive, and § 2(b) separately prohibits withholding on any basis not enumerated. USDOJ's categorical withholding of approximately 200,000 pages on privilege grounds is therefore contrary to the Act on its face, and constitutes the single largest category of records withheld from the public.

217. USDOJ represented in its December 19, 2025 letter that "[a] privilege log will be produced in due course." No production USDOJ has made under the Act was accompanied by a privilege log, and USDOJ has produced no privilege log to date. The public therefore has no means of identifying which records were withheld on privilege grounds, or of testing whether any privilege was properly asserted.

218. USDOJ has not reviewed or produced any foreign-language materials responsive to the Act. In its January 30, 2026 letter USDOJ stated that such materials were not reviewed or produced "[b]ecause it was not practicable for a first-level reviewer to determine the responsiveness of a foreign-language document," and identified no plan to review or produce them. The Act contains no exception for records in languages other than English.

219. USDOJ failed to make redactions the Act requires. Among other things, USDOJ published photographs depicting nude young women or girls, and disclosed the names of at least forty-three victims, including more than two dozen who were abused as minors, with some victims' names appearing more than one hundred times. USDOJ subsequently removed several thousand files in response to demands from victims and their counsel.

220. On February 2, 2026, Mr. Blanche wrote to United States District Judges Richard M. Berman and Paul A. Engelmayer in *United States v. Maxwell*, No. 1:20-cr-00330 (S.D.N.Y.), acknowledging that "several thousands of documents and media that may have inadvertently included victim-identifying information" had been disclosed in the January 30, 2026 production and had subsequently been removed. Counsel for Mr. Epstein's victims advised that court that USDOJ's disclosure of victim-identifying information had begun with the December 20, 2025 production, that the impact on victims had "escalated from concern to suffering and fear for

COMPLAINT                                                      33

personal safety," and that the harm was "irreversible." *See United States v. Maxwell*, 2026 WL 279487, at \*4-\*5 (S.D.N.Y. Feb. 3, 2026).

221.    USDOJ redacted thousands of documents, some in their entirety, without publishing any written justification in the Federal Register as § 2(c)(2) of the Act requires. USDOJ's first production included a 119-page grand jury transcript that was redacted in full, together with more than 400 additional pages of documents redacted in full.  As of the date of this filing, more than seven months after the statutory deadline, USDOJ has published no such written justification in the Federal Register.

222.    The obligation to publish written justifications for redactions under § 2(c)(2) is separate from, and additional to, the reporting obligation imposed by § 3 of the Act.  On February 14, 2026, USDOJ issued the § 3 report in the form of a letter to the Chairmen and Ranking Members of the Senate and House Committees on the Judiciary.  That report consisted of a four-paragraph "Summary of Redactions Made and Legal Basis," which asserted that the only records withheld were those in which permitted withholdings and privileged materials were not segregable from responsive material, and that no records were withheld or redacted "on the basis of embarrassment, reputational harm, or political sensitivity."  A four-paragraph summary describing categories of withholding does not satisfy § 2(c)(2), which requires that each redaction be accompanied by a written justification published in the Federal Register.

223.    USDOJ redacted information that the Act does not permit it to withhold, including the identities of individuals alleged to have conspired with Epstein.  Those identities constitute none of the five categories of material that § 2(c)(1) permits to be withheld: they are not victim or child-witness identifying information, not child sexual abuse material, not depictions of injury, death, or physical abuse, and not national defense or foreign policy information.  USDOJ has conceded that nothing was withheld on national security grounds.

224.    Nor can those redactions rest on the only remaining statutory ground, material that would jeopardize an active federal investigation or prosecution under § 2(c)(1)(C). Following USDOJ's final production, Mr. Blanche announced that the information released was insufficient to support further prosecutions and that USDOJ's investigation into the Epstein and

COMPLAINT                                            34

Maxwell sex trafficking operation "is over." Any withholding on that basis is also required by the Act to be "narrowly tailored" and "temporary," which USDOJ's blanket redactions are not.

225. USDOJ has withheld, retracted, and improperly redacted records referring to Donald Trump. USDOJ failed to produce records concerning Mr. Trump that other sources confirm exist, including records previously produced to counsel for Ghislaine Maxwell in her own criminal defense but not released under the Act. USDOJ also removed from public availability materials it had already produced, restoring some only after public objection and leaving others unrestored.

226. USDOJ's withholding, retraction, and redaction of records on the basis of the political sensitivity of their contents, or the embarrassment or reputational harm their release would cause to government officials or public figures, is precisely what § 2(b)(1) of the Act forbids.

227. On April 23, 2026, the USDOJ Office of the Inspector General announced that it had initiated an audit of the Attorney General's compliance with the Act.

228. USDOJ has itself acknowledged that FOIA does not provide access to the records the Act requires to be released. In letters dated April 23, 2026 and May 8, 2026 responding to FOIA requests for the Epstein and Maxwell files, Andrew D. Fiorillo, Chief of the Initial Request Staff of USDOJ's Office of Information Policy, wrote that "the [Act] directed a much broader and less redacted release of the files than would have been made under the FOIA," and that "[c]ertain exemptions which may have been made under FOIA were not made in the [Act] release."

229. On June 25, 2026, the United States District Court for the District of Columbia granted a preliminary injunction against the Attorney General based on his violations of the Act, holding that the Administrative Procedure Act supplies a right of action to enforce the Act, that a journalist deprived of records the Act requires to be disclosed suffers an informational injury sufficient to confer Article III standing, and that FOIA does not provide an adequate remedy within the meaning of 5 U.S.C. § 704. *See Phang v. Blanche*, No. 1:26-cv-01417-EGS (D.D.C. June 25, 2026). The Attorney General did not dispute in that proceeding that he was in violation

COMPLAINT                                                    35

of the Act.

230. Plaintiff operates PlainSite (https://www.plainsite.org), which hosts and makes freely available to the public the entirety of the Epstein Files as presently released, in a searchable and organized form. Plaintiff has obtained, processed, indexed, and republished those materials as part of his work as a data journalist and as part of PlainSite's mission of legal transparency.

231. Because USDOJ has produced an incomplete, improperly redacted, and partially retracted set of records, the archive Plaintiff maintains and publishes is necessarily incomplete, and Plaintiff is unable to report on, analyze, or publish the full set of records that the Act entitles the public to receive. Plaintiff cannot determine from USDOJ's productions which records have been withheld, on what basis, or how many remain unreleased, because USDOJ has not published the written justifications the Act requires.

232. Since USDOJ began releasing records under the Act, Plaintiff has been contacted by numerous attorneys requesting that Plaintiff correct redaction problems in PlainSite's archive of the Epstein Files. Those problems are not of Plaintiff's making. They are the direct result of USDOJ's failure to apply, before public release, the redactions that § 2(c)(1)(A) and (B) of the Act require, including USDOJ's publication of victim-identifying information and images that should never have been disclosed. USDOJ's non-compliance has therefore shifted onto Plaintiff the burden of identifying and remediating the very redaction failures that the Act obligated USDOJ to prevent, and Plaintiff has expended and continues to expend his own time and resources doing so.

233. Plaintiff has separately sought records within this subject matter directly from the FBI through FOIA Request No. 1675739-000, described above, on which the FBI has produced no records and issued no determination.

234. The Epstein Files Transparency Act was enacted in substantial part to enable journalists such as Plaintiff to examine and report on these records. Absent relief, Plaintiff will remain unable to publish a complete and accurate archive of the Epstein Files, and will continue to suffer an informational injury and a denial of the statutory rights the Act confers.

COMPLAINT                                         36

## COUNT I
### Violation of FOIA (Defendant EOUSA)
Request No. EOUSA-2022-001149: USAO-NDCA E-Mails Regarding Elon Musk

235. Plaintiff repeats and re-alleges the allegations in paragraphs 1-25 as if fully set forth herein.

236. Plaintiff properly requested records within the possession of EOUSA on February 9, 2022.

237. EOUSA is subject to FOIA and must therefore reasonably search for responsive records and disclose them within the time periods established by statute and USDOJ regulations.

238. EOUSA failed to make a reasonable effort to search for responsive records.

239. EOUSA improperly withheld and continues to withhold records by failing to respond to Plaintiff's FOIA request, and has acknowledged that Plaintiff is entitled to bring suit under 5 U.S.C. § 552(a)(6)(C)(i).

240. Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the records sought, as well as to attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(B) and (E).

## COUNT II
### Violation of FOIA (Defendant EOUSA)
Request No. EOUSA-2023-002493: Facebook Investigative Materials

241. Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 and 26-33 as if fully set forth herein.

242. Plaintiff properly requested records within the possession of EOUSA on June 23, 2023.

243. EOUSA is subject to FOIA and must therefore reasonably search for responsive records and disclose them within the time periods established by statute and USDOJ regulations.

244. EOUSA failed to make a reasonable effort to search for responsive records.

245. EOUSA improperly withheld and continues to withhold records by failing to respond to Plaintiff's FOIA request and by repeatedly demanding additional specificity for a request that already reasonably described the records sought.

246. Plaintiff is entitled to declaratory and injunctive relief with respect to the release

COMPLAINT                                      37

and disclosure of the records sought, as well as to attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(B) and (E).

## COUNT III
### Violation of FOIA (Defendant EOUSA)
### Request No. EOUSA-2025-002410: Scott Hartman

247. Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 and 34-38 as if fully set forth herein.

248. Plaintiff properly requested records within the possession of EOUSA on March 8, 2025.

249. EOUSA is subject to FOIA and must therefore reasonably search for responsive records and disclose them within the time periods established by statute and USDOJ regulations.

250. EOUSA failed to make a reasonable effort to search for responsive records.

251. EOUSA improperly withheld and continues to withhold records by failing to respond to Plaintiff's FOIA request.

252. Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the records sought, as well as to attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(B) and (E).

## COUNT IV
### Violation of FOIA (Defendant EOUSA)
### Request No. EOUSA-2025-003463: Jina Choi

253. Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 and 39-43 as if fully set forth herein.

254. Plaintiff properly requested records within the possession of EOUSA on March 29, 2025.

255. EOUSA is subject to FOIA and must therefore reasonably search for responsive records and disclose them within the time periods established by statute and USDOJ regulations.

256. EOUSA failed to make a reasonable effort to search for responsive records.

257. EOUSA improperly withheld and continues to withhold records by failing to respond to Plaintiff's FOIA request.

258. Plaintiff is entitled to declaratory and injunctive relief with respect to the release

COMPLAINT                                              38

and disclosure of the records sought, as well as to attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(B) and (E).

## COUNT V
### Violation of FOIA (Defendant State)
### Request Nos. F-2020-01446 / F-2020-05267: Tesla, Inc.

259.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 and 44-55 as if fully set forth herein.

260.    Plaintiff properly requested records within the possession of the State Department on November 12, 2019, with a supplemental and aggregated request submitted on June 2, 2021.

261.    The State Department is subject to FOIA and must therefore reasonably search for responsive records and disclose them within the time periods established by statute and State Department regulations.

262.    The State Department failed to make a reasonable effort to search for responsive records and has failed to provide any final determination after more than six years.

263.    The State Department improperly withheld and continues to withhold records by failing to respond to Plaintiff's FOIA request and by repeatedly missing self-imposed estimated dates of completion.

264.    Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the records sought, as well as to attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(B) and (E).

## COUNT VI
### Violation of FOIA (Defendant State)
### Request No. F-2023-00289: Starlink

265.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 and 56-60 as if fully set forth herein.

266.    Plaintiff properly requested records within the possession of the State Department on October 9, 2022, with a grant of expedited processing.

267.    The State Department is subject to FOIA and must therefore reasonably search for responsive records and disclose them within the time periods established by statute, State Department regulations, and the State Department's express grant of expedited handling.

COMPLAINT                                            39

268. The State Department failed to make a reasonable effort to search for responsive records.

269. The State Department improperly withheld and continues to withhold records by failing to respond to Plaintiff's FOIA request despite the matter's express expedited status.

270. Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the records sought, as well as to attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(B) and (E).

## COUNT VII
### Violation of FOIA (Defendant FBI)
### Request No. 1649591-000: Excession LLC

271. Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 and 61-67 as if fully set forth herein.

272. Plaintiff properly requested records within the possession of the FBI on October 11, 2024.

273. The FBI is subject to FOIA and must therefore reasonably search for responsive records and disclose them within the time periods established by statute and FBI regulations.

274. The FBI failed to make a reasonable effort to search for responsive records, as evidenced by its closure of the request within three business days of receipt.

275. The FBI improperly withheld records by issuing a *Glomar* response under Exemptions 6 and 7(C) for a corporate entity (Excession LLC) that has no "personal privacy" under those exemptions. *See FCC v. AT&T, Inc.*, 562 U.S. 397 (2011).

276. Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the records sought, as well as to attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(B) and (E).

## COUNT VIII
### Violation of FOIA (Defendant FBI)
### Request No. 1647578-000: Director E-Mails Regarding Threats Against Biden/Harris

277. Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 and 68-76 as if fully set forth herein.

278. Plaintiff properly requested records within the possession of the FBI on

COMPLAINT                                    40

September 19, 2024.

279. The FBI is subject to FOIA and must therefore reasonably search for responsive records and disclose them within the time periods established by statute and FBI regulations.

280. The FBI failed to make a reasonable effort to search for responsive records, including but not limited to communications to or from the FBI Director's staff that were specifically remanded by OIP on August 19, 2025, on which no production has been made.

281. The FBI improperly withheld and continues to withhold records by failing to produce records following partial remand by OIP and by improperly invoking Exemptions 6 and 7(C) with respect to records of agency communications about widely-reported public threats.

282. Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the records sought, as well as to attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(B) and (E).

## COUNT IX
### Violation of FOIA (Defendant FBI)
### Request No. 1634197-000: SpaceX USAO Declination

283. Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 and 77-81 as if fully set forth herein.

284. Plaintiff properly requested records within the possession of the FBI on May 6, 2024.

285. The FBI is subject to FOIA and must therefore reasonably search for responsive records and disclose them within the time periods established by statute and FBI regulations.

286. The FBI failed to make a reasonable effort to search for responsive records, as evidenced by its closure of the request within seven days of receipt and its implausible "no records" response concerning a USAO declination involving a well-documented corporate subject of federal investigation.

287. The FBI improperly withheld and continues to withhold records by failing to conduct an adequate search.

288. Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the records sought, as well as to attorney's fees and costs pursuant to 5 U.S.C.

COMPLAINT                                    41

§ 552(a)(4)(B) and (E).

## COUNT X
### Violation of FOIA (Defendant FBI)
### Request No. 1667699-000: Tesla 302 Forms

289.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 and 82-89 as if fully set forth herein.

290.    Plaintiff properly requested records within the possession of the FBI on May 8, 2025.

291.    The FBI is subject to FOIA and must therefore reasonably search for responsive records and disclose them within the time periods established by statute and FBI regulations.

292.    The FBI failed to make a reasonable effort to search for responsive records, and improperly construed Plaintiff's request, which sought records concerning Tesla, Inc. (a corporate entity) using a former Special Agent's name solely to narrow the scope, as a request "on one or more third party individuals."

293.    The FBI improperly withheld and continues to withhold records by issuing a *Glomar* response under Exemptions 6 and 7(C), and by mischaracterizing the request as concerning third-party individuals when the actual subject is a publicly-traded corporation.

294.    Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the records sought, as well as to attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(B) and (E).

## COUNT XI
### Violation of FOIA (Defendant FBI)
### Request No. 1675739-000: Epstein Files

295.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 and 90-94 as if fully set forth herein.

296.    Plaintiff properly requested records within the possession of the FBI on July 23, 2025.

297.    The FBI is subject to FOIA and must therefore reasonably search for responsive records and disclose them within the time periods established by statute and FBI regulations.

298.    The FBI failed to issue any determination on Plaintiff's request within the twenty

COMPLAINT                                    42

business day statutory deadline set forth in 5 U.S.C. § 552(a)(6)(A)(i), and failed to make a reasonable effort to search for responsive records.

299.    The FBI improperly withheld and continues to withhold records by failing to respond to Plaintiff's FOIA request, and by asserting "unusual circumstances" under 5 U.S.C. § 552(a)(6)(B) as a basis for indefinite delay in a matter of exceptional and widely-reported public interest.

300.    Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the records sought, as well as to attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(B) and (E).

## COUNT XII
### Violation of FOIA (Defendant USDOJ)
### Request No. CRM-301678106: Tesla and Elon Musk

301.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 and 95-104 as if fully set forth herein.

302.    Plaintiff properly requested records within the possession of the USDOJ Criminal Division on October 7, 2021.

303.    The USDOJ Criminal Division is subject to FOIA and must therefore reasonably search for responsive records and disclose them within the time periods established by statute and USDOJ regulations.

304.    The USDOJ Criminal Division failed to make any effort to search for responsive records; as OIP confirmed on September 26, 2025, "the Criminal Division did not conduct a search for the requested records."

305.    The USDOJ Criminal Division improperly withheld and continues to withhold records by invoking a blanket *Glomar* response under Exemption 7(A) for Tesla, Inc. (a publicly- traded corporation) and Exemptions 6 and 7(C) for Elon Musk (a public figure whose alleged activities are matters of significant and widely-reported public concern), without first conducting any search.

306.    Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the records sought, as well as to attorney's fees and costs pursuant to 5 U.S.C.

COMPLAINT                                    43

§ 552(a)(4)(B) and (E).

## COUNT XIII
### Violation of FOIA (Defendant DOD)
### Request No. 23-F-0891: OSD E-Mails Regarding Elon Musk and Musk Entities

307.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 and 105-109 as if fully set forth herein.

308.    Plaintiff properly requested records within the possession of the DOD on May 19, 2023.

309.    The DOD is subject to FOIA and must therefore reasonably search for responsive records and disclose them within the time periods established by statute and DOD regulations.

310.    The DOD failed to make a reasonable effort to search for and timely produce responsive records, repeatedly assigning and resetting estimated dates of completion across more than three years without making any production.

311.    The DOD improperly withheld and continues to withhold records by failing to respond to Plaintiff's FOIA request.

312.    Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the records sought, as well as to attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(B) and (E).

## COUNT XIV
### Violation of FOIA (Defendant DOD)
### Request No. 25-F-2599: Dan Caldwell

313.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 and 110-116 as if fully set forth herein.

314.    Plaintiff properly requested records within the possession of the DOD on March 25, 2025, and timely narrowed the request on April 7, 2025.

315.    The DOD is subject to FOIA and must therefore reasonably search for responsive records and disclose them within the time periods established by statute and DOD regulations.

316.    The DOD failed to make a reasonable effort to search for and timely produce responsive records.

317.    The DOD improperly withheld and continues to withhold records by failing to

COMPLAINT                                    44

respond to Plaintiff's FOIA request.

318. Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the records sought, as well as to attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(B) and (E).

### COUNT XV
### Violation of FOIA (Defendant Treasury)
### Request No. 2020-03-072: Jim Cramer

319. Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 and 117-122 as if fully set forth herein.

320. Plaintiff properly requested records within the possession of Treasury on March 12, 2020.

321. Treasury is subject to FOIA and must therefore reasonably search for responsive records and disclose them within the time periods established by statute and Treasury regulations.

322. Treasury failed to make a reasonable effort to search for responsive records, with the request remaining unresolved more than six years after its filing — more than four times Treasury's self-described average processing time for complex requests.

323. Treasury improperly withheld and continues to withhold records by failing to respond to Plaintiff's FOIA request.

324. Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the records sought, as well as to attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(B) and (E).

### COUNT XVI
### Violation of FOIA (Defendant Treasury)
### Request No. 2020-06-133: Larry Kudlow

325. Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 and 123-129 as if fully set forth herein.

326. Plaintiff properly requested records within the possession of Treasury on June 16, 2020.

327. Treasury is subject to FOIA and must therefore reasonably search for responsive

COMPLAINT                                      45

records and disclose them within the time periods established by statute and Treasury regulations.

328.    Treasury failed to make a reasonable effort to search for and timely produce responsive records.

329.    Treasury improperly withheld and continues to withhold records by failing to respond to Plaintiff's FOIA request.

330.    Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the records sought, as well as to attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(B) and (E).

**COUNT XVII**
**Violation of FOIA (Defendant Treasury)**
**Request No. 2019-08-092: Mnuchin / Phillips**

331.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 and 130-139 as if fully set forth herein.

332.    Plaintiff properly requested records within the possession of Treasury on August 15, 2019, with a narrowing on August 19, 2019.

333.    Treasury is subject to FOIA and must therefore reasonably search for responsive records and disclose them within the time periods established by statute and Treasury regulations.

334.    Treasury failed to make a reasonable effort to search for responsive records, as evidenced by its delay of nearly five years before issuing any final response.

335.    Treasury improperly withheld records under FOIA Exemption 6 without sufficient justification of the personal privacy interests at stake, and the search Treasury performed was inadequate.

336.    Plaintiff is entitled to declaratory and injunctive relief with respect to the adequacy of Treasury's search and the release and disclosure of additional records, as well as to attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(B) and (E).

COMPLAINT                                              46

## COUNT XVIII
### Violation of FOIA (Defendant Treasury)
### Request No. 2023-FOIA-00393: CFIUS

337. Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 and 140-145 as if fully set forth herein.

338. Plaintiff properly requested records within the possession of Treasury on April 13, 2023.

339. Treasury is subject to FOIA and must therefore reasonably search for responsive records and disclose them within the time periods established by statute and Treasury regulations.

340. Treasury failed to make a reasonable effort to search for and timely produce responsive records, with the matter still "in the search stage" nearly two years after filing.

341. Treasury improperly withheld and continues to withhold records by failing to respond to Plaintiff's FOIA request.

342. Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the records sought, as well as to attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(B) and (E).

## COUNT XIX
### Violation of FOIA (Defendant Treasury)
### Request No. 2025-FOIA-01715: Dan Katz

343. Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 and 146-150 as if fully set forth herein.

344. Plaintiff properly requested records within the possession of Treasury on March 25, 2025.

345. Treasury is subject to FOIA and must therefore reasonably search for responsive records and disclose them within the time periods established by statute and Treasury regulations.

346. Treasury failed to make a reasonable effort to search for and timely produce responsive records.

347. Treasury improperly withheld and continues to withhold records by failing to

COMPLAINT                                      47

respond to Plaintiff's FOIA request.

348. Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the records sought, as well as to attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(B) and (E).

## COUNT XX
### Violation of FOIA (Defendant SEC)
### Request No. 25-00085-FOIA: Tesla Investigations

349. Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 and 151-162 as if fully set forth herein.

350. Plaintiff properly requested records within the possession of the SEC on October 8, 2024.

351. The SEC is subject to FOIA and must therefore reasonably search for responsive records and disclose them within the time periods established by statute and SEC regulations.

352. The SEC failed to make a reasonable effort to search for and timely produce responsive records.

353. The SEC improperly withheld and continues to withhold records under FOIA Exemptions 4, 6, 7(A), and 7(C), and improperly delayed action on Plaintiff's appeal for more than twenty business days.

354. Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the records sought, as well as to attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(B) and (E).

## COUNT XXI
### Violation of FOIA (Defendant SEC)
### Request No. 25-01230-FOIA: Quinn Emanuel

355. Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 and 163-169 as if fully set forth herein.

356. Plaintiff properly requested records within the possession of the SEC on January 15, 2025.

357. The SEC is subject to FOIA and must therefore reasonably search for responsive records and disclose them within the time periods established by statute and SEC regulations.

COMPLAINT                                      48

358.    The SEC failed to make a reasonable effort to search for responsive records and made a blanket assertion of Exemption 7(A) without indicating that other exemptions had been considered or applied.

359.    The SEC improperly withheld and continues to withhold records under FOIA Exemption 7(A) and an unreasonably broad interpretation of "pending or prospective" law enforcement proceedings.

360.    Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the records sought, as well as to attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(B) and (E).

## COUNT XXII
### Violation of FOIA (Defendant SEC)
### Request No. 26-01769-FOIA: Elon Musk and Jared Birchall Deposition Videos

361.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 and 170-180 as if fully set forth herein.

362.    Plaintiff properly requested records within the possession of the SEC on March 24, 2026.

363.    The SEC is subject to FOIA and must therefore reasonably search for responsive records and disclose them within the time periods established by statute and SEC regulations.

364.    The SEC failed to issue any determination within the twenty business day statutory deadline set forth in 5 U.S.C. § 552(a)(6)(A)(i), taking two months merely to acknowledge the request, and has failed to produce any video of the Jared Birchall deposition(s) following its own partial remand of June 22, 2026.

365.    The SEC improperly withheld and continues to withhold records by redacting the audio of every question posed by SEC staff during the deposition of Elon Musk under Exemptions 6 and 7(C), even though the SEC has published the full written transcript of that deposition on its own website, including the text of every question and the identity of each SEC attorney who asked it.  Any privacy interest in the content of those questions has been extinguished by the SEC's own official public disclosure. *See Cottone v. Reno*, 193 F.3d 550, 554 (D.C. Cir. 1999).

COMPLAINT                                                     49

366. Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the records sought, as well as to attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(B) and (E).

### COUNT XXIII
### Declaratory Judgment (Defendant SEC)
### Pattern and Practice of Unlawful Delay and Unjustified Redaction

367. Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 and 151-180 as if fully set forth herein.

368. This Count is brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and under 5 U.S.C. § 552(a)(4)(B). A FOIA requester may obtain declaratory relief against an agency policy or practice that will impair the requester's lawful access to information in the future, independent of any claim for the production of particular records. *See Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 491 (D.C. Cir. 1988); *Hajro v. U.S. Citizenship & Immigration Servs.*, 811 F.3d 1086, 1103 (9th Cir. 2015).

369. Plaintiff is a frequent FOIA requester who has submitted, and will continue to submit, FOIA requests to the SEC as part of his ongoing work as a data journalist. Plaintiff therefore faces a concrete and continuing prospect of being subjected to the practices described below.

370. First, the SEC maintains a pattern and practice of failing to make determinations within the statutory deadline set forth in 5 U.S.C. § 552(a)(6)(A)(i), and of employing protracted delay in place of any lawful basis for withholding. The SEC took nine months to respond to Request No. 25-00085-FOIA, and then produced only records that it later admitted were not responsive to the request. The SEC took two months merely to acknowledge receipt of Request No. 26-01769-FOIA. In each of the three SEC requests described in this Complaint, the SEC exceeded the statutory deadline.

371. Second, the SEC maintains a pattern and practice of redacting the identities, voices, and official work of its own employees who have handled enforcement matters, under Exemptions 6 and 7(C), without any supporting legal authority and without regard to whether that information has already been made public. The SEC has done so since at least 2020, when

COMPLAINT                                50

Plaintiff e-mailed SEC staff to inquire, "Why is Erin Schneider's e-mail address, schneidere@sec.gov, redacted under a different section here? Why is it redacted at all? I've corresponded with Ms. Schneider repeatedly in the past; her e-mail address is hardly secret. In fact, it's in court filings in full view of the public (see https://www.plainsite.org/dockets/download.html?id=254785613&z=2e52a132) and on the California State Bar website (see http://members.calbar.ca.gov/fal/Licensee/Detail/216114). Other SEC e-mail addresses appear to be similarly redacted still."

372. The SEC applied this practice to the Elon Musk deposition videos produced in Request No. 26-01769-FOIA, redacting the audio of every question asked by SEC staff across several hours of recorded testimony, notwithstanding that the SEC had itself published the complete written transcript of the same deposition — including the text of every question and the name of every SEC attorney who asked it — on its own website.

373. Information that an agency has officially disclosed to the public cannot thereafter be withheld under Exemption 6 or Exemption 7(C), because no cognizable privacy interest remains. *See Cottone v. Reno*, 193 F.3d 550, 554 (D.C. Cir. 1999); *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1279-80 (D.C. Cir. 1992).

374. The SEC has identified no authority supporting this practice. In its June 22, 2026 appeal decision, the SEC relied on *Pike v. Dep't of Justice*, 306 F. Supp. 3d 400, 412 (D.D.C. 2016), a case concerning the safety of an FBI confidential informant whose life was at risk, which bears no resemblance to the circumstances of government attorneys conducting an investigative deposition in their official capacity. When Plaintiff raised this with SEC Attorney Mark Tallarico, Mr. Tallarico disclaimed the analogy, asserted only that "Enforcement staff that participated in the Musk deposition have a privacy interest in their recorded voice," identified no precedent supporting that assertion, and thereafter ceased responding to Plaintiff.

375. Both practices are of a continuing nature, are applied as a matter of agency policy rather than as isolated determinations in individual cases, and will continue to impair Plaintiff's ability to obtain agency records absent declaratory relief.

376. An actual and justiciable controversy therefore exists between Plaintiff and the

COMPLAINT                                    51

SEC concerning the lawfulness of these practices. Plaintiff is entitled to a declaration that the SEC's pattern and practice of failing to issue timely determinations, and its pattern and practice of redacting the identities and recorded voices of its own enforcement personnel where that information has already been officially disclosed by the SEC, violate FOIA.

### COUNT XXIV
### Violation of FOIA (Defendant USSS)
### Request No. 20250041 (Director E-Mails Regarding Musk Threats)

377.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 and 181-189 as if fully set forth herein.

378.    Plaintiff properly requested records within the possession of the Secret Service on October 8, 2024.

379.    The Secret Service is subject to FOIA and must therefore reasonably search for responsive records and disclose them within the time periods established by statute and Secret Service regulations.

380.    The Secret Service failed to make a reasonable effort to search for and timely produce responsive records, as evidenced by its rapid issuance of a blanket denial within one day of receipt of the request.

381.    The Secret Service improperly withheld and continues to withhold records by invoking Exemption 7(A) without identifying any specific pending or prospective enforcement proceeding, and applied the wrong date range in its decision letter.

382.    The Secret Service failed to act on Plaintiff's timely appeal for more than twenty business days.

383.    Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the records sought, as well as to attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(B) and (E).

### COUNT XXV
### Violation of FOIA (Defendant ODNI)
### Request No. DF-2025-00315: Joe Kent

384.    Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 and 190-196 as if fully set forth herein.

COMPLAINT                                    52

385. Plaintiff properly requested records within the possession of ODNI on March 25, 2025, and timely narrowed the request on April 15, 2025.

386. ODNI is subject to FOIA and must therefore reasonably search for responsive records and disclose them within the time periods established by statute and ODNI regulations.

387. ODNI failed to make a reasonable effort to search for and timely produce responsive records.

388. ODNI improperly withheld and continues to withhold records by failing to respond to Plaintiff's FOIA request.

389. Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the records sought, as well as to attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(B) and (E).

**COUNT XXVI**
**Violation of FOIA (Defendant FDA)**
**Request Nos. FDA24103581 / 2024-4321: Neuralink**

390. Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 and 197-203 as if fully set forth herein.

391. Plaintiff properly requested records within the possession of the FDA on May 8, 2024.

392. The FDA is subject to FOIA and must therefore reasonably search for responsive records and disclose them within the time periods established by statute and FDA regulations.

393. The FDA failed to make a reasonable effort to search for and timely produce responsive records, with no substantive response having been issued more than two years after the request was filed.

394. The FDA improperly withheld and continues to withhold records by failing to respond to Plaintiff's FOIA request.

395. Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the records sought, as well as to attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(B) and (E).

COMPLAINT                                53

## COUNT XXVII
### Violation of the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.*
### (Defendants USDOJ and the Attorney General)
### Epstein Files

396.   Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 and 204-234 as if fully set forth herein, and incorporates by reference all preceding paragraphs of this Complaint.

397.   Pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.  The APA supplies a right of action to enforce the EFTA notwithstanding that the EFTA contains no express private right of action. *See Phang v. Blanche*, No. 1:26-cv-01417-EGS (D.D.C. June 25, 2026); *Bennett v. Spear*, 520 U.S. 154, 175 (1997).

398.   The Epstein Files Transparency Act ("EFTA") imposes mandatory, non-discretionary duties upon the USDOJ and the Attorney General to disclose specified records, maintain public redaction logs, and execute broad statutory disclosures.

399.   USDOJ's production of records under the EFTA, and its determination that that production is complete, constitute "agency action" within the meaning of 5 U.S.C. § 551(13).

400.   USDOJ's public representation that its document production under the EFTA is complete constitutes "final agency action" for which there is no other adequate remedy in a court within the meaning of 5 U.S.C. § 704.

401.   A FOIA request does not provide Plaintiff with an adequate alternative remedy within the meaning of 5 U.S.C. § 704.  The EFTA mandates disclosure of records that would be withheld under FOIA Exemptions 6 and 7 and under 5 U.S.C. § 552(b)(3), and requires affirmative public mechanisms — including publication of written redaction justifications in the Federal Register — that FOIA does not provide and cannot compel, because FOIA does not require an agency to create records that do not exist.  USDOJ has itself conceded that the EFTA "directed a much broader and less redacted release of the files than would have been made under the FOIA."  Plaintiff's FOIA Request No. 1675739-000 to the FBI, on which no records have been produced and no determination issued, confirms the inadequacy of FOIA as a remedy in

COMPLAINT                                        54

practice.

402.    USDOJ's production under the EFTA is not in accordance with law and is in excess of statutory authority, in violation of 5 U.S.C. § 706(2)(A) and (C), in that USDOJ (a) failed to produce all records the Act requires to be produced; (b) failed to produce records within the thirty-day deadline the Act imposes; (c) redacted records on grounds not among the five permitted by § 2(c)(1); (d) failed to publish written justifications for its redactions in the Federal Register as § 2(c)(2) requires; (e) retracted records it had already produced; and (f) withheld records on the basis of political sensitivity, embarrassment, or reputational harm, which § 2(b)(1) forbids.  USDOJ's production is also arbitrary, capricious, and an abuse of discretion under 5 U.S.C. § 706(2)(A), because USDOJ has articulated no reasoned or lawful basis for those redactions, retractions, and omissions.

403.    As a direct result of Defendants' unlawful agency actions and omissions, Plaintiff has suffered and continues to suffer a legal wrong, including an informational injury and a denial of statutory rights to which Plaintiff is lawfully entitled under the EFTA.  Plaintiff has separately sought records within the same subject matter through FOIA Request No. 1675739-000, described above, which the FBI has neither produced nor determined.

**COUNT XXVIII**
*Ultra Vires* **Agency Action (Defendant Acting Attorney General)**
**Epstein Files**

404.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

405.    Federal courts possess the equitable power to enjoin "violations of federal law by federal officials," *Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. 320, 326-27 (2015), including where a federal officer has acted "beyond th[e] limitations" set by federal statute, *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 689 (1949).

406.    Plaintiff has a non-statutory right of action to ask this Court to enjoin and declare unlawful official action by the Attorney General that is ultra vires.

407.    The EFTA establishes a mandatory, non-discretionary duty upon the Attorney General to make publicly available all covered records in the possession of USDOJ and the FBI

COMPLAINT                                          55

relating to Jeffrey Epstein, Ghislaine Maxwell, and the categories enumerated in § 2(a) of the Act, subject only to the five grounds for withholding enumerated in § 2(c)(1).

408.    The Attorney General has acted beyond the limits of his statutory authority by withholding approximately 200,000 pages on privilege grounds that appear nowhere in § 2(c)(1), by declining to review or produce foreign-language records for which the Act provides no exception, by failing to publish the written redaction justifications required by § 2(c)(2), and by failing to produce records that the Act requires to be produced.

409.    Plaintiff is entitled to equitable relief to remedy the Attorney General's ongoing violation of federal law.

## COUNT XXIX
### Declaratory Judgment (Defendants USDOJ and Acting Attorney General)
### Epstein Files

410.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

411.    The Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, authorizes this Court to "declare the rights . . . of any interested party seeking such a declaration," in addition to any injunctive or other relief available.

412.    The failure of USDOJ and the Attorney General to comply with the EFTA violates Plaintiff's rights under the Act. An actual and justiciable controversy exists between Plaintiff and Defendants USDOJ and the Attorney General concerning their compliance with the Act.

413.    Plaintiff is entitled to a declaratory judgment that USDOJ and the Attorney General have failed to comply with the Epstein Files Transparency Act, together with such injunctive relief, costs, and further relief as the Court deems just and proper.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.  Declare that each of the Defendants' withholdings and failures to respond to Plaintiff's FOIA requests violate the Freedom of Information Act, 5 U.S.C. § 552;

B.  Declare that the failure of Defendants USDOJ and the Attorney General to comply

---

COMPLAINT                                           56

with the EFTA violates the APA, 5 U.S.C. § 706(2)(A) and (C), and is ultra vires;

C. Declare, pursuant to 28 U.S.C. §§ 2201-2202, that Defendant SEC's pattern and practice of failing to issue determinations within the deadline set by 5 U.S.C. § 552(a)(6)(A)(i) violates the Freedom of Information Act;

D. Declare, pursuant to 28 U.S.C. §§ 2201-2202, that Defendant SEC's pattern and practice of redacting the identities and recorded voices of its own enforcement personnel under Exemptions 6 and 7(C), where that information has already been officially disclosed by the SEC, violates the Freedom of Information Act;

E. Enjoin Defendant SEC from applying the practices described above to Plaintiff's pending and future FOIA requests;

F. Order each Defendant to conduct a search reasonably calculated to uncover all records responsive to each of the FOIA requests at issue;

G. Order each Defendant to produce, by a date certain, any and all non-exempt responsive records and a *Vaughn* index of any responsive records withheld under any claimed exemption;

H. Order Defendants USDOJ and the Attorney General to comply with the Epstein Files Transparency Act by (i) producing all records the Act requires to be produced, (ii) removing all redactions and withholdings not authorized by § 2(c)(1) of the Act, including all records withheld on privilege grounds, (iii) publishing in the Federal Register and submitting to Congress a written justification for each remaining redaction as § 2(c)(2) requires, (iv) reviewing and producing responsive foreign-language records, and (v) restoring all records that were produced and subsequently retracted;

I. Enjoin each Defendant from continuing to withhold non-exempt responsive records under any improperly-applied FOIA exemption, including without limitation the *Glomar* responses described above;

J. Award Plaintiff reasonable attorney's fees and costs of litigation pursuant to 5 U.S.C. § 552(a)(4)(E); and

---

COMPLAINT                                           57

K. Award such other and further relief as the Court deems just and proper.

Dated: July 20, 2026

Aaron Greenspan
440 N. Barranca Avenue #6720
Covina, CA 91723
Phone: +1 415 670 9350 x101
E-Mail: aaron.greenspan@plainsite.org

COMPLAINT                                                            58